DECIDED JANUARY 20, 1965—REHEARING DENIED
FEBRUARY 2, 1965.

*Pittman & Kinney, Charles L. Pickell, John T. Avrett,* for plaintiff in error.

*R. L. Vining, Jr., Solicitor General,* contra.

41125. UNDERCOFLER, Commissioner v. SWINT.

118

*Eugene Cook, Attorney General, William L. Harper, Assistant Attorney General,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, W. M. Fulcher, A. Montague Miller,* contra.

Russell, Judge. There is no contention but that, prior to the enactment of *Code Ann.* § 92-3122 (Ga. L. 1963, p. 628) distributions from exempt trusts were taxed to the distributee as ordinary income. The amending Act, approved April 12, 1963, recites in its preamble that it is an act to amend *Code Ch.* 92-31 "so as to clarify the taxation of distributions from a trust exempted from taxation by *Code* § 92-3105 (k). . ." Section 1 of the Act provides: "That in the case of a trust described in and exempt from taxation under subsection (k) of *Code* § 92-3105, as added by amendment by an Act approved February 7, 1950 (Ga. L. 1950, pp. 75-77), if the total distributions payable with respect to any employee are paid to the distributee within one taxable year of the distributee on account of the employee's death or other separation from the service, or on account of the death of the employee after his separation from the service, the amounts of such distribution, to the extent exceeding the amounts contributed by the employee, . . . shall be considered a gain from the sale or exchange of a capital asset held for more

than six months." Section 2 provides: "The above amendment is made to clarify taxation of distributions from trusts exempted from taxation under *Code* § 92-3105 (k) as amended."

Statutes generally receive prospective rather than retrospective application. " 'Statutes framed in general terms and not plainly indicating the contrary will be construed prospectively, so as to apply to persons, subjects, and things within their purview and scope coming into existence subsequent to their enactment.' 82 CJS 558, § 319." *Griffin v. Benton,* 92 Ga. App. 167, 168 (88 SE2d 287). The statute itself uses the future tense and does not recite any intention to deal retrospectively with the law of taxation. For persons using a calendar year as their temporal basis for taxation, as was this plaintiff, the accounting period ended December 31, 1962. *Code Ann.* § 92-3118. At that time the statute in question had not been passed, and when it was passed it did not recite that it was intended to be applied to prior periods of taxation on which the rights and liabilities had already accrued. The statute does say that its purpose is to "clarify" the method of taxation as to the source of income with which it deals, but this clarification also appears to have only a prospective effect. Indeed, one legislature has no power to declare the intent of a prior General Assembly in enacting a law, this being a legislative attempt to perform a judicial function by construing a law, which is not permissible under Constitutional provisions. *Code* § 2-123; *McCutcheon v. Smith,* 199 Ga. 685 (2) (35 SE2d 144); *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344).

The taxpayers' rights and liabilities for the taxable year of 1962 were determined by the law applicable on the last day of that year, at which time the funds here concerned were taxable as ordinary income. The Act of 1963 has no application to this situation. It was accordingly error for the trial court to enter judgment in favor of the plaintiff on her claim for refund.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*