74528. WINFREY et al. v. SOUTHWEST COMMUNITY HOSPITAL, INC.
(361 SE2d 522)

POPE, Judge.

Plaintiffs, husband and wife, instituted this action against defendant hospital seeking, inter alia, damages resulting from defendant's alleged failure to refund overpayments made by plaintiffs and their insurers for medical expenses incurred by plaintiff wife while a patient at defendant hospital. At the time suit was brought, it appears that plaintiffs' insurers had been refunded the amounts overpaid by them on plaintiffs' behalf and that plaintiffs were individually owed $26.05. However, plaintiffs also sought class action certification to represent "[a]ll patients, third-party insurance carriers, or any other individuals, firms, corporations or other entities who are due refunds for overpayments on said patients' accounts. . . ." The trial court denied both this motion and plaintiffs' motion to add as defendants the individual members of defendant's Board of Trustees. The jury returned a verdict for defendant and plaintiffs appeal.

1. Plaintiffs first argue that the trial court erred in denying their motion for class certification. "It is well established that the discretion of the trial [court] in certifying or refusing to certify a class action is to be respected in all cases where not abused. [Cits.] Although it was held in *Ga. Invest. Co. v. Norman*, 229 Ga. 160 (190 SE2d 48) [(1972)] that class actions are permissible where the right sought to be enforced is 'common' to the members of the class, albeit neither joint, nor derivative, nor one affecting specific property, the court may deny certification, where granted a common right, individual questions of law or fact as between the defendant and the individual class plaintiffs would yet predominate. One of the facets of the litigation raising such individual questions is the [determination of] indi-

vidual damages which would have to be assessed in each of the myriad cases." *Hill v. Gen. Fin. Corp.*, 144 Ga. App. 434, 436 (241 SE2d 282) (1977). See also *Tanner v. Brasher*, 254 Ga. 41 (2) (326 SE2d 218) (1985); *Williams v. Cox Enterprises*, 159 Ga. App. 333 (5) (283 SE2d 367) (1981). In the present case, defendant's liability to the proposed class members can be determined only by first ascertaining the status of each individual patient's account and, if an overpayment is found, by then determining the amount of overpayment and the persons or entities (i.e., the patient, the patient's insurer or all of the above) to whom a refund is owing. "Where the resolution of individual questions plays such an integral part in the determination of liability, a class action suit is inappropriate." *Tanner*, supra at 45. Accordingly, we find no abuse of discretion in the trial court's refusal to certify the case sub judice as a class action pursuant to OCGA § 9-11-23.

2. To the extent possible based on the voluminous but incomplete record before us, we have examined plaintiffs' remaining enumerations and likewise find them to be without merit.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 15, 1987 — REHEARING DENIED SEPTEMBER 30, 1987 — ■

*F. Glenn Moffett, Jr., L. Prentice Eager III*, for appellants.
*Alfred J. Turk, Jr., Lewis C. Horne, Jr.*, for appellee.