## A92A1260. LEE v. STATE CONSTRUCTION INDUSTRY LICENSING BOARD OF GEORGIA.
(423 SE2d 26)

McMURRAY, Presiding Judge.

Plaintiff, a master plumber, brought a declaratory judgment action against the State Construction Industry Licensing Board of Georgia seeking a declaration as to whether he can be investigated and disciplined for the conduct of plumbers that are employed by Plumbing, Inc., a business which plaintiff owns and manages. The superior court dismissed the action "on the basis of the doctrines of res

judicata and collateral estoppel," finding that previous administrative and appellate proceedings between the parties provided plaintiff with "ample guidance" and that, therefore, declaratory relief was inappropriate. Plaintiff appeals, asserting the superior court erred in taking judicial notice of the prior proceedings and in determining that the doctrines of res judicata and collateral estoppel applied. *Held*:

1. A trial court may take judicial notice of its own records. *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107); *Walker v. McLarty*, 199 Ga. App. 460, 461 (405 SE2d 294).

2. "Any party may contest or argue the effect the prior record has on the case or issue being litigated and may cite to portions of the record which have been recognized or incorporated by the court. Because a ruling on the effect of the prior case may be raised on appeal, the record or portion thereof considered by the trial court should be designated to be included in the appeal if a party wishes to enumerate error on the ruling.

"The general rule is that the burden is on the complaining party to perfect the record for appeal. The application of that rule would be appropriate in cases where a court has taken judicial cognizance of other records which are in the trial court." *Petkas v. Grizzard*, 252 Ga. 104, 108, supra.

The prior proceedings were not designated as part of the record on this appeal. It follows that plaintiff has not carried his burden of demonstrating error with regard to the application of the res judicata and collateral estoppel doctrines. *Petkas v. Grizzard*, 252 Ga. 104, 108, supra.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 16, 1992.

*G. Brian Spears*, for appellant.

*Michael J. Bowers, Attorney General, Beverly B. Martin, Senior Assistant Attorney General, Andrew S. Ree, Assistant Attorney General*, for appellee.