A95A2176. TREND STAR CONTINENTAL, LTD. et al.
v. BRANHAM et al.
(469 SE2d 750)

POPE, Presiding Judge.

Defendants Trend Star Continental, Ltd., William Brooker, and Eugene Mignacco (collectively referred to as "TSC") sold assistance to persons applying to the Federal Communication Commission for a license to operate a wireless cable television station. These licenses were awarded through a lottery among accepted applicants. The plan, as marketed by TSC through written materials and oral presentations, was that purchasers of TSC's services would pay approximately $6,000 for an application to be filed. After the application was accepted but before the lottery, applicants would be contacted to join an "alliance" of applicants who agreed to pool their chances in the lottery and share the license. Because all or most applicants would join the alliance, the risk of losing the initial investment was minimal. Once the license was obtained, the station would be financed, built, and managed by someone other than the members of the alliance, and would hopefully produce substantial returns for all the members of the alliance.

No one who paid for TSC's services ever obtained a license or even had an application accepted, however. Nor has TSC returned any of the money it collected.

The Commissioner of Securities for the State of Georgia, like the Commissioner of Securities of several other states,[1] has determined that TSC's sale of application services was essentially the sale of an investment opportunity and constituted the sale of a security. Thus, because the investment opportunities offered and sold by TSC were not registered securities, and because TSC's salespeople were not reg-

---

[1] The Commissioners of Wisconsin, South Dakota, and Maryland have determined that TSC's sale of its service agreements constituted the sale of securities. In addition, Arizona, Nevada, and Indiana have found that other companies selling almost identical services were selling securities.

istered to sell securities, TSC had violated the law. See OCGA §§ 10-5-5 & 10-5-12 (a) (1). The named plaintiffs are among those who signed application services agreements with TSC and paid it money. They brought this action alleging, among other things, that TSC sold the application services in violation of OCGA §§ 10-5-5 & 10-5-12 (a) (1), and thus should have to return the monies paid it plus interest and attorney fees. The trial court granted the named plaintiffs' motion for class certification, certifying as a class all Georgia residents who entered into application services agreements with TSC from August 1, 1991, through June 30, 1992. It then granted plaintiffs' motion for partial summary judgment with respect to TSC's sale of unregistered securities in violation of the Georgia securities laws. TSC appeals both orders, and we affirm.

1. TSC first challenges the trial court's certification of the class under OCGA § 9-11-23. A class action is authorized if the members of the class share a common right, and common questions of law or fact predominate over individual questions of law or fact. See *Ga. Inv. Co. v. Norman*, 229 Ga. 160 (190 SE2d 48) (1972); *Hill v. Gen. Finance Corp.*, 144 Ga. App. 434 (1) (241 SE2d 282) (1977). In this case, all members of the class invested in unregistered securities and share a common right to rescission. And we have held that a class action is particularly appropriate in cases involving the sale of unregistered securities. See *Sta-Power Indus. v. Avant*, 134 Ga. App. 952 (1) (216 SE2d 897) (1975). In *Sta-Power* we held that the need for an individualized determination of damages would not preclude a class action; but here that is not even necessary, as the record includes an undisputed listing of all class members and the amounts each paid TSC. Accordingly, the trial court did not abuse its discretion in certifying the class. See *Ford Motor Credit Co. v. London*, 175 Ga. App. 33, 35 (332 SE2d 345) (1985) (trial judge has broad discretion regarding whether to allow a case to proceed as a class action in Georgia).

Pointing out that plaintiffs asserted causes of action based on fraud in addition to those based on violations of securities laws, TSC cites *Stevens v. Thomas*, 257 Ga. 645, 650 (361 SE2d 800) (1987), in which the Supreme Court stated that "[i]f fraud based upon oral misrepresentations, as opposed to written misrepresentations, is the gravamen of the complaint, the matter is not appropriate for class action treatment. [Cits.] This is so because of the necessity for individual proof of detrimental reliance." Pretermitting the question of whether the fraud alleged in this case was based on written materials or oral representations, we conclude that the gravamen of plaintiffs' complaint was TSC's sale of unregistered securities rather than fraud. There need not be a total absence of individual questions of law or fact as long as the common questions predominate, and they do so here. Thus, there is simply no need to burden either the court system

or the class members by requiring each member of the class to pursue his or her own action.[2]

TSC's argument that the named plaintiffs are inadequate representatives because they seek rescission and other class members might not is specious. There is nothing to suggest that any class members would oppose rescission, and given that it has now been approximately four years since the FCC accepted any applications for wireless cable licenses, it is hard to imagine that any of them would.

2. TSC also contends the trial court erred in granting plaintiffs' motion for partial summary judgment on plaintiffs' claim for rescission based on TSC's sale of unregistered securities. The identical issue — whether TSC's sale of application services constituted the sale of unregistered securities — has already been litigated and decided, however: the determination (after a full hearing) of the Commissioner of Securities that TSC's conduct did constitute the sale of unregistered securities has been affirmed on appeal to the Superior Court, and TSC's application for discretionary appeal to this Court has been denied. Relitigation of this issue is therefore barred by the doctrine of collateral estoppel. *Ervin v. Swift Adhesives,* 208 Ga. App. 265 (1) (430 SE2d 133) (1993); see also *Lee v. State Constr. Indus. Licensing Bd. &c.,* 205 Ga. App. 497 (423 SE2d 26) (1992). TSC points out that this determination was still on appeal at the time the trial court granted the partial summary judgment, and argues that the doctrine of collateral estoppel should not apply. See *Greene v. Transport Ins. Co.,* 169 Ga. App. 504 (3) (313 SE2d 761) (1984). But we apply the law as it is at the time of our decision, see *Galletta v. Hardison,* 168 Ga. App. 36 (308 SE2d 47) (1983), and despite language suggesting otherwise in *Greene,* we can take judicial notice of proceedings before this Court. See *Lee,* 205 Ga. App. at 498 (1); *Talley v. State,* 200 Ga. App. 442 (3a) (408 SE2d 463) (1991). Accordingly, the trial court did not err in granting plaintiffs' motion. See also *Precise v. City of Rossville,* 261 Ga. 210 (3) (403 SE2d 47) (1991) (judgment that is right for any reason will be affirmed).

3. TSC argues that the trial court should not have considered the transcript of the administrative hearing (and the resulting report/order) in considering the partial summary judgment motion. It follows from our holding in Division 2 that this argument is moot.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

---

[2] We note that the trial court could have certified a class with respect to some counts and not as to others. See, e.g., *Morris v. Burchard,* 51 FRD 530 (S. D. N. Y. 1971). Because common issues predominate, however, its certification of the class for purposes of the whole action was not an abuse of discretion. Another possibility is to use the class action to decide all common questions and then, if the suit continues and individual issues arise, order separate trials on those issues.

DECIDED FEBRUARY 28, 1996 —
RECONSIDERATIONS DENIED MARCH 18, 1996 —

*Perrie, Buker, Stagg & Jones, Robert E. Stagg, Jr., Richard W. Jones, Robert L. Bunner*, for appellants.
*Page & Bacek, Steven J. Gard, Edward J. Dovin*, for appellees.