## A02A0476. UNUM LIFE INSURANCE COMPANY OF AMERICA v. CRUTCHFIELD.
### (568 SE2d 767)

POPE, Presiding Judge.

UNUM Life Insurance Company of America appeals the decision of the trial court granting class certification to Glendolyn Crutchfield for her claims against UNUM. Because we find that the trial court acted within its discretion, we affirm.

The facts relative to Crutchfield are not in dispute. A Georgia resident and an employee of Singer & Company in Atlanta, Crutchfield purchased through Singer, UNUM-issued group life insurance policies on her life and her husband's. She was the beneficiary of her husband's $10,000 policy. On December 4, 1996, her husband died; six days later she submitted a claim to UNUM for death benefits; and on January 8, 1997, UNUM paid the $10,000 plus three percent post-mortem interest required by the policy in the amount of $18.08. Georgia law, however, requires that life insurers pay post-mortem interest of six or twelve percent, depending on the time of payment following the death of the insured. OCGA § 33-25-10. See also OCGA § 33-27-4. According to Crutchfield, she should have been paid interest in the amount of $57.53.

In her complaint, Crutchfield also alleged that UNUM, which is based in Portland, Maine, has a pattern and practice of underpaying post-mortem interest nationwide, and, therefore, she sought class action certification on behalf of others similarly situated throughout the nation. Crutchfield sought to certify as a class those persons who, within the class period (defined by the applicable statute of limitation), received death benefits under a UNUM policy, but who received "less post-mortem interest than was required by law," and whose damages were less than or equal to $75,000. She alleged that the statutes of at least three states were involved — Georgia, Illinois, and Colorado — but she did not purport to provide a complete list.

Under OCGA § 9-11-23, a class action is authorized if the members of the class share a common right and common questions of law or fact predominate over individual questions of law or fact. *Trend Star Continental v. Branham*, 220 Ga. App. 781, 782 (1) (469 SE2d 750) (1996). "The character of the right sought to be enforced may be common although the facts may be different as to each member of the alleged class." *Ga. Investment Co. v. Norman*, 229 Ga. 160, 162 (190 SE2d 48) (1972). Crutchfield had the burden of establishing her right to class certification. *Jones v. Douglas County*, 262 Ga. 317, 324 (418 SE2d 19) (1992). Certification of a class action is a matter of discretion with the trial judge, and, absent abuse of that discretion, we will not disturb the trial court's decision. *Trend Star*, 220 Ga. App. at 782 (1).

We first note that the trial court and the parties analyzed the class certification issue following the four-part federal test that requires a showing of numerosity, typicality, commonality, and adequacy of representation. We may proceed without deciding whether the test under OCGA § 9-11-23 is identical to the federal test, because the only issue on appeal is whether common questions of law or fact predominate over individual questions, an element required by both Georgia and federal law. Compare *Hooters of Augusta v. Nicholson*, 245 Ga. App. 363, 368 (4) (537 SE2d 468) (2000) (where this Court noted that the trial court had applied the four-part test). The trial court first found that UNUM had conceded two parts of the four-part test, typicality and adequacy of representation. The court then addressed the remaining two, numerosity and commonality, finding in Crutchfield's favor on both. On appeal, UNUM asserts that class certification is not proper because common issues do not predominate over individual issues. We turn to that issue.

The trial court noted that "the life insurance policies which are at issue in this case are generally identical in their terms," and that "[c]laims arising from interpretation of form agreements are considered to be 'classic' cases for treatment as a class action. [Cits.]" The court concluded that the fact that there may be plaintiffs from many states with claims arising under different states' laws, thereby requiring application of the rules of contract interpretation from different states, does not preclude class action treatment where " 'the general policies underlying the common law rules of contract interpretation tend to be uniform.' [Cit.]" The court then found that the three named states had uniform rules of contract interpretation. Finally, the court reasoned that "the fact that there may be differences in the damages for the members of the class does not prevent certification" because, when common issues predominate, individualized damage calculations do not defeat class certification.

UNUM argues strenuously that contract interpretation is not an issue in the case and that therefore the trial court's order is based on faulty reasoning and constitutes an abuse of discretion. UNUM further argues that individual issues predominate over common issues. We disagree.

Georgia case law provides that common questions of law and fact predominate when an action "is brought on behalf of purchasers of agreements from a common source, the character of the right sought to be enforced is common, and common relief is sought." (Citations omitted.) *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 954 (1) (216 SE2d 897) (1975). But not all cases involving purchasers of agreements from a common source qualify for class treatment. See *Stevens v. Thomas*, 257 Ga. 645 (361 SE2d 800) (1987). We have also held that "[m]inor variations in amount of damages, or location within the

state, do not destroy the class when the legal issues are common." (Citation omitted.) *Sta-Power*, 134 Ga. App. at 954 (1). But a class action is not authorized where the resolution of individual questions plays a significant, integral part of the determination of liability. *West v. Southern Guaranty Ins. Co.*, 194 Ga. App. 412, 414 (2) (390 SE2d 619) (1990). Finally, there need not be a total absence of individual questions of law or fact as long as the common questions predominate. *Trend Star*, 220 Ga. App. at 782.

This case presents a significant common issue of fact. UNUM admits: (1) that its computers "are programmed to pay the post-mortem interest that corresponds with the state which is considered to be the 'situs' of the policy, i.e., where the policy is delivered"; (2) that in some cases, the state where the policy was delivered or the state which constitutes a situs of the policy may not be the state in which the policyholder resides, or where a beneficiary resides; and (3) that "[t]his can, on occasion, cause either an underpayment or an overpayment of post-mortem interest if the beneficiary or claimant resides in a state other than the state which constitutes the situs of the policy." The operation of the computer program is a common fact applicable to the entire class.

The case also presents individual issues of law. Crutchfield is asserting the violation of at least three states' laws regarding post-mortem interest, and perhaps more; a full review has not been done. Potential plaintiffs live in Georgia and an unknown number of other states "throughout the United States." A policy may have been entered into in one state, the insured could have died in another, and the beneficiary live in yet another. The post-mortem interest statutes of Georgia, Illinois, and Colorado protect different classifications of persons and prescribe different rules for calculating interest, most of which purport to apply in an extraterritorial manner in such a way that they could overlap thereby requiring a significant effort to resolve many potential conflict of law questions.[1] Other states' laws could be similar. The number of permutations of this problem could be high.

But the trial court has discretion in certifying a class and has concluded that the common issues presented in this case predominate over these individual issues. We cannot say the trial court abused its discretion.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

---

[1] See OCGA § 33-25-10 (a) (statutory interest applicable "to a beneficiary residing in this state or to a beneficiary under a policy issued in this state or to a beneficiary under a policy insuring a person resident in this state at the time of death"); 215 ILCS § 5/224 (1) (no policy may be "issued or delivered in this State" unless it contains the statutory post-mortem provision); Colo. Rev. Stat. § 10-7-112 (1) (statutory post-mortem interest payable by "each insurer admitted to transact the business of life insurance in this state").

DECIDED JULY 2, 2002 —
RECONSIDERATION DENIED JULY 17, 2002 — 

*Love, Willingham, Peters, Gilleland & Monyak, Allen S. Willingham, Michael J. Hannan III,* for appellant.

*Browning & Tanksley, Jerry A. Landers, Jr., Bell, James & Bentley, John C. Bell, Jr., Jeffrey G. Casurella, Barrett & Associates, M. Scott Barrett, Gold, Weber & Hershkowitz, Leland L. Greene,* for appellee.