A05A0589. LIFE INSURANCE COMPANY OF GEORGIA
v. MEEKS.
(617 SE2d 179)

SMITH, Presiding Judge.

We granted this interlocutory appeal in a dispute between Insley Meeks and Life Insurance Company of Georgia regarding coverage under a supplemental cancer insurance policy. Meeks filed suit against Life of Georgia seeking reimbursement of certain premiums paid and coverage for certain treatments. He alleged breach of contract and fraud claims, and sought to represent a class of all other policyholders similarly situated. The trial court granted class certification and the following day granted partial summary judgment to Life of Georgia on several of Meeks's claims. Life of Georgia appeals from the order granting class certification. We conclude for the reasons that follow that the requirements for class certification were not met, and we reverse the order granting class certification.

The record shows that in October 1984, while still covered by health insurance related to his employment, Meeks purchased a supplemental "cancer" policy from Life of Georgia providing a lifetime

---

[20] (Citation and punctuation omitted.) *DeLoach v. Foremost Ins. Co.*, 147 Ga. App. 124, 125 (1) (B) (248 SE2d 193) (1978).

benefit of $1,000,000. The application recited that "[n]o proposed insured is eligible for Medicaid." Meeks was first treated for colon cancer in 1998. During the course of his treatment there were periods of time during which he was Medicaid eligible, and Medicaid paid for some of his treatments. At other times during his course of treatment, he was not covered by Medicaid, and he made claims against Life of Georgia for reimbursement for treatments. These claims were paid under Meeks's supplemental policy.

In February 1998, under a settlement agreement in other litigation, Life of Georgia began a voluntary premium refund program. The program called for a refund of premiums paid by insureds while they were Medicaid eligible plus interest. Life of Georgia wrote to its insureds, notifying them of the refund program; thereafter it periodically wrote to insureds whose claims suggested that they might be Medicaid eligible, notifying them of possible premium refund entitlement. Meeks received such a letter but did not respond or cancel his policy. Instead, Meeks retained counsel and demanded that Life of Georgia pay for certain treatments for which he had not previously submitted claims or as to which he had not provided documentation showing that the treatments were covered under the policy. Some demands made were for treatments that had been reimbursed to the extent they were covered under the policy limits.

When payment was not forthcoming, Meeks filed suit. He alleged breach of contract based on the insurer's failure to pay all benefits due under the policy and asserted that Life of Georgia had defrauded him through its misrepresentation that he was required to rescind his policy in order to receive a premium refund. His complaint alleged that he sought to represent a class consisting of insureds suffering from cancer who have not been properly reimbursed for treatments under their policies, as well as insureds who had been induced into canceling their policies based upon the alleged misrepresentation by the insurer. Meeks also filed a motion for class certification. Life of Georgia answered, and it filed a motion to dismiss and a brief opposing the motion for class certification. Meeks subsequently amended his complaint several times, but he never filed amendments to his motion to certify the class.

After more than two years of discovery, Life of Georgia moved for summary judgment. Meeks's motion for class certification and Life of Georgia's motion to dismiss were still pending when the trial court heard argument.

Approximately one year later, Meeks filed his fourth amended complaint. The trial court noted that the definition of the class was "completely changed" in the fourth amended complaint from the class

Meeks had sought to certify almost three years earlier. The trial court issued a consolidated pretrial order incorporating the definition of the class set forth in Meeks's fourth amended complaint. The class was defined in the pretrial order as all insureds

> who were not reimbursed at the full rate for radiation and other cancer treatments based on Life of Georgia's erroneous interpretations of its contract involving reasonable and customary rates in its provider's zip code area; people who signed applications from Life of Georgia that asked if the applicant was covered by Medicaid; people who were induced to cancel their policies or did not receive refunds as outlined in letters sent by Life of Georgia stating that the policies were not worthwhile due to their eligibility for Medicaid; and policyholders who were denied payment for covered services under the policy's outpatient facility charge coverage.

The pretrial order was entered on June 30, 2004.

A little over a week later, on July 9, 2004, the trial court dismissed as moot Life of Georgia's motion to dismiss. Life of Georgia answered Meeks's fourth amended complaint on July 29, 2004 and filed an amended motion to dismiss on August 4, 2004.

At that time, the only pending motion for class certification was the one Meeks filed originally. The definition of the class in that motion was different from that in the fourth amended complaint and the consolidated pretrial order. On August 5, 2004, the trial court certified the class essentially as defined in the fourth amended complaint, as follows:

> Individuals who have one or more of the claims described below which arose on or after April 19, 1997, to which the law of the State of Georgia or Federal law is applicable;
> (1) a claim for breach of contract based on the defendant's interpretation of the policy term "reasonable and customary charges," or
> (2) a claim for breach of contract based on the defendant's interpretation of the words "zip code area," or
> (3) a claim for refund of premiums based upon statements made by the defendant . . . to the effect that defendant would refund premiums to insureds who had paid premiums for policies during periods of time in which the insureds were eligible for governmental assistance which rendered the policy valueless to the insureds during those time periods, but which refunds were not applied for by the insureds due

to an alleged misrepresentation by the defendant to the effect that the insureds would be required to rescind or terminate the policy in order to obtain a refund, or

(4) a claim for breach of contract based on the defendant's improper refusal to pay for medical bills incurred at an out-patient facility.

On the following day, the trial court granted partial summary judgment to Life of Georgia, ruling that Meeks had shown no evidence of a breach of contract related to failure to pay covered outpatient facility bills; that the mere mention of Medicaid in Meeks's policy did not make it void as against public policy; and that Life of Georgia's refund letters contained no misrepresentations that would cause Meeks reasonably to believe that he was required to cancel his policy in order to obtain a refund. The trial court also found that issues of fact remained regarding whether Life of Georgia had paid reasonable and customary charges for three of Meeks's radiation therapy bills and whether Meeks was entitled to a refund of premiums paid for periods during which he was eligible for Medicaid.

The standard under which we generally review a trial court's grant or denial of class certification is abuse of discretion. *Bd. of Regents &c. of Ga. v. Rux*, 260 Ga. App. 760, 764 (3) (580 SE2d 559) (2003). It is well established that when determining the propriety of a class action, the first issue to be resolved is whether the class meets the requirements of OCGA § 9-11-23 (a). *Ford Motor Credit Co. v. London*, 175 Ga. App. 33, 37-38 (332 SE2d 345) (1985). To certify a class, the trial court must find that the members of the class are so numerous that it is impracticable to bring them all before the court; that the questions of fact and law common to the class members predominate over any individual questions; that the named plaintiff's claims are typical of those of the class members; that the named plaintiff and counsel will adequately represent the interests of the class; and that a class action better serves the interests of achieving a fair and efficient adjudication of the controversy. *Hooters of Augusta v. Nicholson*, 245 Ga. App. 363, 368 (4) (537 SE2d 468) (2000).

Life of Georgia offers three reasons why the class certification order should be reversed. First, it argues that the trial court failed to conduct the "rigorous analysis" mandated under Georgia law and federal and state due process requirements. Second, it maintains that the trial court improperly permitted Meeks to avoid his burden of proof by certifying the class without a proper motion. Finally, Life of Georgia asserts that the class certified does not meet the requirements for class certification set forth in OCGA § 9-11-23. We address each contention separately.

1. Relying primarily on language in *Duffy v. The Landings Assn.*, 254 Ga. App. 506 (563 SE2d 174) (2002), Life of Georgia contends that the trial court *must* make written findings regarding whether the requirements for class certification have been met, and the trial court here made no such findings. We agree with Meeks that Life of Georgia seeks to impose upon the trial court a burden unwarranted by the language of the controlling statute. Although we stated in *Duffy* that "the trial court must find" that the class meets the statutory requirements, id. at 508, we find nothing in *Duffy* or elsewhere requiring the trial court to make written findings on the record.

2. Life of Georgia next contends that the trial court erred in permitting Meeks "to avoid his burden of proof by granting class certification without an appropriate motion requesting it." A party seeking class certification bears the burden of establishing the right to it. *UNUM Life Ins. Co. v. Crutchfield*, 256 Ga. App. 582 (568 SE2d 767) (2002). See also *McGarry v. Cingular Wireless, LLC*, 267 Ga. App. 23, 25 (599 SE2d 34) (2004). Life of Georgia argues that although the trial court apparently recognized this principle, it failed to apply it when it granted the motion for class certification.

In this enumeration, Life of Georgia refers to the fact that Meeks filed only one motion for class certification, which was "obsolete" when granted because it had never been amended even though the definition of the proposed class had changed several times. The definition of the class the trial court certified first appeared in Meeks's fourth amended complaint, and Meeks never sought certification of this proposed class. According to Life of Georgia, because the trial court did not require Meeks to establish his right to certification of the changed class, in certifying that class the trial court essentially ignored the fact that Meeks had the burden of proof. We do not agree.

The changed class definition was included in the consolidated pretrial order. When entered, the pretrial order supersedes the pleadings and controls the subsequent scope and course of the action. *Total Car Franchising Corp. v. Squire*, 259 Ga. App. 114, 116 (576 SE2d 90) (2003). Once the pretrial order was entered, the trial court properly considered the class definition in that document.

3. We turn now to the issue of whether the class certified meets the requirements in OCGA § 9-11-23.

Under OCGA § 9-11-23 (a), the requirements for a class action are numerosity, common questions of law and fact, and a representative named plaintiff whose claims and defenses are typical of those of the class members and who will represent the class "fairly and adequately." In this case, it is undisputed that the numerosity requirement was satisfied and that some common questions of law and fact exist. Life of Georgia maintains, however, that those common

questions of law and fact do not predominate over the questions unique to individual class members, both as to the breach of contract claims and the fraud claims. For the reasons that follow, we agree.

(a) *The contract claims.* Life of Georgia bases its contention of lack of commonality on the fact that even though common questions of law exist, not all members of each class are insured under identical policies. The policies of some class members provide for payment of a fixed sum for specific procedures, while the policies of other class members call for payment of the "reasonable and customary" charge within the policyholder's "zip code area."

Because individual class members have different medical conditions and different histories regarding claims and benefits, it will be necessary to apply the particular policy's terms to each individual class member. Resolution of the common questions, including Life of Georgia's interpretation of policy terms such as "reasonable and customary" and "zip code area," would not resolve the ultimate issues of whether Life of Georgia underpaid the claims of each class member and, if so, what compensation is due each class member. For instance, Meeks contends that he was under-reimbursed for claims made for chemotherapy and radiation treatments. His policy provides for payment of the "reasonable and customary" charge within his "zip code area." He asserts that because the hospital at which these treatments were provided was the only provider of those services in his zip code, the amount actually charged must have been the "reasonable and customary" charge for that "zip code area."

Even without looking at the merits of this argument, it is apparent that not all class members live in the same zip code or received the same type or number of treatments. Resolving the issue of Life of Georgia's interpretation of these contract terms would therefore resolve only a small portion of the issues presented in each class member's case.

Meeks's claim for reimbursement for treatments at an outpatient facility further illustrates the individual nature of the claims of class members. The trial court found that he had no valid claim because he had not shown that the charges in issue were actually for covered radiation therapy and chemotherapy. And even if the charges were for covered treatments, his policy offers no reimbursement for separate charges by an outpatient therapy for "facility expenses." Here, as in *Winfrey v. Southwest Community Hosp.*, 184 Ga. App. 383 (361 SE2d 522) (1987), "resolution of individual questions" via class litigation was not appropriate. Id.

(b) *The fraud claims.* In general, claims of fraud based upon oral misrepresentations are not appropriate for class treatment because

the reliance element must be proved factually for each individual class member. In claims of fraud based upon written representations, the reliance element may sometimes be presumed. "There need not be a total absence of individual questions of law or fact as long as the common questions predominate." *Trend Star Continental, Ltd. v. Branham*, 220 Ga. App. 781, 782 (1) (469 SE2d 750) (1996). But class treatment is not always appropriate even in cases involving written misrepresentations.

A class should not be certified when "defendant's liability to the proposed class members can be determined only by first ascertaining the status of each individual patient's account and, if an overpayment is found, by then determining the amount of overpayment and the persons or entities . . . to whom a refund is owing." *Winfrey*, supra, 184 Ga. App. at 384 (1). This case involves even more complex individualized questions than those in *Winfrey*. When the resolution of individual questions such as those involved here plays such an integral and prominent role in determining liability, a class action is not appropriate. Id.

(c) Meeks must also show that his claims are typical of those of the class members. *Duffy*, supra, 254 Ga. App. at 508. But his claims are different from those of other class members in several respects. His claim for reimbursement regarding treatment provided at outpatient facilities, for instance, cannot be typical of those of class members. Although other class members may have claims concerning reimbursement at "reasonable and customary" rates, Meeks's claim rests on the fact that the outpatient facility where he was treated is the only such facility in his "zip code area." This is untrue of the claims of many other class members.

(d) Finally, Meeks cannot provide adequate representation of the class as a named plaintiff after summary judgment was entered against him on several of his claims. On the fraud issue, for example, the trial court determined that no genuine issues of material fact remained with regard to the letter Life of Georgia sent to its insureds, specifically whether it included misrepresentations that would cause Meeks to think he was required to cancel his policy in order to obtain a refund of premiums. When the named plaintiff has no valid claim against the defendant, he is not eligible to represent the purported class. *Dryvit Systems v. Stein*, 256 Ga. App. 327, 329 (3) (568 SE2d 569) (2002).

4. One of the purposes of class litigation must be to prevent burdening the judicial system or the class members with a multiplicity of individual suits. See *Trend Star*, supra, 220 Ga. App. at 782-783 (1). A trial court has discretion to decide whether a class should be

certified, and its decision is reviewed under an abuse of discretion standard. *Bd. of Regents v. Rux*, supra, 260 Ga. App. at 764. Because many individual suits would be necessary in this case even if the one or two common issues were resolved class-wide, we are constrained to conclude that the trial court abused its discretion in granting Meeks's motion for class certification.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED JULY 7, 2005 —

*Hunton & Williams, Lawrence J. Bracken II, Kenneth L. Dobkin, Caroline H. Dixon, Pursley, Lowery & Meeks, John R. Lowery, Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Christopher D. Britt, Herndon & Costner, Thomas R. Herndon*, for appellee.