A06A0992. J.M.I.C. LIFE INSURANCE COMPANY v. TOOLE.

(634 SE2d 123)

MILLER, Judge.

Ken Toole sued J.M.I.C. Life Insurance Company ("JMIC"), individually and on behalf of a class of similarly situated persons, after JMIC failed to refund unearned insurance premiums purportedly owed under credit life and disability policies issued by JMIC. On interlocutory appeal,[1] JMIC appeals from the Superior Court of Muscogee County's denial of its motion for summary judgment on Toole's individual claims and its certification of the class of certain former insureds of JMIC. Discerning no error, we affirm.

On appeal from the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant to determine whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

> A defendant may prevail on summary judgment by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential

---

[1] See OCGA § 9-11-23 (g) (order certifying or refusing to certify a class entitled to direct appeal as a nonfinal judgment).

element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

(Punctuation omitted.) *Metts v. Wal-Mart Stores*, 269 Ga. App. 366 (604 SE2d 235) (2004).

So viewed, the evidence reveals that Toole purchased a used car from a dealership in Columbus, Georgia, in October 2001 and obtained a loan to finance the purchase. As part of the transaction, he also purchased a credit life and disability insurance policy from JMIC. The $994.89 premium for the policy was financed as part of the same loan that provided for the purchase price of the car. Under the terms of the policy, if Toole died before satisfying the car loan, JMIC would pay any remaining balance on the loan. If, however, the underlying note was terminated for any reason before its 60-month term expired, Toole was entitled, under both the terms of the policy and under Georgia law, to a refund of the unearned premium (that portion of the premium providing coverage beyond the expiration of the note). See OCGA § 33-31-9 (c).

Toole fully satisfied his car loan in July 2002, thereby terminating the underlying note more than four years prior to the expiration of its term. JMIC, however, failed to provide Toole with a refund of the unearned premium at that time, offering to do so only after he filed the instant suit. Toole declined in order to preserve his status as a proper class representative, and the instant litigation followed.

JMIC challenges the trial court's denial of its motion for summary judgment, arguing that Toole's claim in contract is barred because Toole failed to submit proof of early loan payoff as required by (i) the express terms of his insurance contract, (ii) an implied term of his insurance contract, (iii) the duty of good faith and fair dealing, and (iv) OCGA § 33-31-9 (c). JMIC also argues that Toole may not recover economic damages in tort arising from a breach of contract under OCGA § 51-1-1. Further, JMIC contends that the trial court abused its discretion in certifying a class action because (i) Toole, lacking a proper claim, is not an adequate class representative; (ii) the proposed class is unmanageable; (iii) common questions do not predominate; (iv) the laws of 38 states, together with resulting contract differences, foreclose a class action for lack of common issues of fact and law; and (v) Toole's claim is not typical of those in the class.

1. JMIC claims that the trial court erred in denying its motion for summary judgment as to Toole's individual claims. We disagree.

(a) JMIC argues that it is entitled to summary judgment as to Toole's individual claims because Toole failed to provide it with pre-suit notice (express, implied, or by virtue of good faith and fairness) that he had paid off his car loan early. By its motion for oral argument, however, JMIC expressly acknowledged that, by filing

suit, Toole satisfied any contractual notice requirement obligating it to return Toole's unearned premium. Specifically, JMIC stated that

> the Complaint was the first notice JMIC received indicating that Toole's loan had been paid off prior to its maturity date. Because it then realized that the condition to its contractual duty to provide a refund had been satisfied, JMIC tendered a full refund of the outstanding premium to Toole within 60 days of service of the Complaint.

JMIC concedes by its pleadings that, by filing suit, Toole satisfied any contractual condition precedent to its obligation to return his unearned premium. See *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980) ("Where matter is contained in pleadings from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in his favor.") (citations omitted). Consequently, the denial of summary judgment for JMIC was not error on this account, id., and we need not consider Toole's claims as to an implied duty to notify arising out of good faith and fair dealing.

(b) The trial court also did not err in denying JMIC's motion for summary judgment upon the argument that OCGA § 33-31-9 required Toole to notify it of his early payoff at the time Toole satisfied his loan in 2002.

Effective May 2, 2005, OCGA § 33-31-9 was amended to provide that "it is the obligation of the insured to notify the insurer of the early payoff of the indebtedness which is covered by [credit life and credit accident and sickness] insurance." OCGA § 33-31-9 (c.1). In doing so, the General Assembly stated: "This Act is declaratory of existing law and is only intended to clarify such law. The passage of this Act shall not create any implication that any change in existing law is effected." Ga. L. 2005, p. 612, § 2 (the "2005 amendment"). Such language, however, is uncodified, and, in any event, fails to establish that either the former OCGA § 33-31-9 or Georgia common law imposed a notice requirement before the 2005 amendment. See *Undercofler v. Swint*, 111 Ga. App. 117, 119 (140 SE2d 894) (1965) ("[O]ne legislature has no power to declare the intent of a prior General Assembly in enacting a law, this being a legislative attempt to perform a judicial function by construing a law, which is not permissible under Constitutional provisions. [Cits.]"). See also *Martin v. Baldwin*, 215 Ga. 293, 299 (2) (c) (110 SE2d 344) (1959).

Moreover, OCGA § 33-31-9, as amended, does not purport to require notice prior to suit or within any particular time after loan payoff, and filing suit satisfies a notice requirement where the statute does not require pre-suit notice. See, e.g., *Rojas v. State of Ga.*, 269 Ga.

121, 121-122 (1) (498 SE2d 735) (1998); *Rohm & Haas Co. v. Gainesville Paint & Supply Co.*, 225 Ga. App. 441, 445 (4) (483 SE2d 888) (1997).

The General Assembly is presumed to have known the foregoing upon its enactment of the 2005 amendment. *Hughes v. Ga. Dept. of Corrections*, 267 Ga. App. 440, 442 (1) (600 SE2d 383) (2004). Yet it included no language requiring pre-suit notice therein. Consequently, even were the 2005 amendment deemed applicable in the circumstances of this case, Toole would have provided sufficient notice to JMIC by filing suit.

(c) Further, JMIC argues that Toole's individual tort claims fail because "[a] tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied." OCGA § 51-1-1. Toole's tort claims are not foreclosed, however, because the duties alleged to have been violated do not arise merely from contract but are also imposed by statute. OCGA § 33-31-9. See *Long v. Jim Letts Oldsmobile, Inc.*, 135 Ga. App. 293, 294 (2) (217 SE2d 602) (1975) (tort action may be maintained on breach of contractual duty if breach is of a duty imposed by law as well as contract).

In light of the foregoing, the denial of JMIC's motion for summary judgment was proper. *Metts*, supra, 269 Ga. App. at 366; *Rubin*, supra, 235 Ga. App. at 250.

2. JMIC contends that the trial court erred in certifying the class for failure to satisfy the requisites to class certification; Toole's unsuitability to serve as class representative; individual issues predominating over common issues; and Toole's failure to show that his claim is typical of the claims of the other class members. We disagree.

"Under OCGA § 9-11-23, a class action is authorized if the members of the class share a common right and common questions of law or fact predominate over individual questions of law or fact. [Cit.]" *UNUM Life Ins. Co. of America v. Crutchfield*, 256 Ga. App. 582 (568 SE2d 767) (2002). The nature of the right to be enforced may be in common, though the facts as to each member of the alleged class may be different. *Ga. Investment Co. v. Norman*, 229 Ga. 160, 162 (190 SE2d 48) (1972). Trial judges have broad discretion in deciding whether to certify a class, and plaintiffs bear the burden proving that class certification is appropriate. *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 127 (3) (610 SE2d 529) (2005). Absent an abuse of the trial judge's discretion in certifying a class, such decision must be affirmed. *Trend Star Continental v. Branham*, 220 Ga. App. 781, 782 (1) (469 SE2d 750) (1996).

Private actions may be brought as class actions where the requirements of OCGA § 9-11-23 are met. These requirements are:

> (1) numerosity — that the class is so numerous as to make it impracticable to bring all members before the court; (2) commonality — that there are questions of law and fact common to the class members which predominate over any individual questions; (3) typicality — that the claim of the named plaintiff is typical of the claims of the class members; (4) adequacy of representation — that the named plaintiff will adequately represent the interest of the class; and (5) superiority — that a class action is superior to other methods of fairly and efficiently adjudicating the controversy.

(Footnote omitted.) *Carnett's*, supra, 279 Ga. at 126 (2).

(a) JMIC argues that the trial court abused its discretion by adopting Toole's proposed order on his motion for class certification, which indicated that the trial court had not "found" the elements authorizing class certification. "Even when a trial court adopts a proposed order verbatim, the findings of fact therein are those of the court and may be reversed only if they are clearly erroneous. [Cits.]" *Fuller v. Fuller*, 279 Ga. 805, 806 (1) (621 SE2d 419) (2005).

Further, by its order, the trial court expressly found that class certification was proper as a matter of law as to each of the statutory requisites to class certification. See *Life Ins. Co. of Ga. v. Meeks*, 274 Ga. App. 212, 216 (1) (617 SE2d 179) (2005). In this regard, the trial court did not abuse its discretion.

(b) Since Toole's individual claims are valid, Division 1, supra, there is no merit to JMIC's claim that Toole is not a proper class representative for lack of a valid claim.

(c) JMIC contends that class certification should be reversed for lack of commonality. First, it argues that Toole cannot prove which of JMIC's insureds are sufficiently common to be in the class without discovery, proof, and a mini-trial specific to each insured. Second, it urges that common questions of law do not predominate since the trial court must apply the nonuniform laws of 38 states. JMIC asserts that the law of contracts and credit insurance varies among these states. These contentions are without merit.

JMIC relies on *Winfrey v. Southwest Community Hosp.*, 184 Ga. App. 383 (361 SE2d 522) (1987), for the proposition that the trial court abused its discretion in certifying the class, given predominating individual issues requiring that the class be identified on a case-by-case basis. We held in *Winfrey*, however, that the trial court did not abuse its discretion in *declining* to certify a class in circumstances in which a subjective examination of each patient's account with the hospital would have been required to determine which patients were due refunds for overpayments on their accounts. Id. at 384 (1). Moreover, in *Winfrey* there is no indication that the plaintiff

had proposed a plausible method to prove the overpayments by electronic records. Here, however, the trial court found that lender records maintained by Equifax showing loan payoff dates in combination with electronic records maintained by JMIC showing JMIC insureds who have not received a refund make it possible to objectively identify JMIC insureds contractually due the refund of unearned insurance premiums. Their reliability established of record by the trial court, the Equifax records on which Toole relies are admissible under Georgia's business records statute, OCGA § 24-3-14 (b), (d); see, e.g., *Reisman v. Martori, Meyer, Hendricks & Victor*, 155 Ga. App. 551, 553-554 (3) (271 SE2d 685) (1980), and the trial court did not abuse its discretion in admitting them. *Cotton v. John W. Eshelman & Sons, Inc.*, 137 Ga. App. 360, 364 (3) (223 SE2d 757) (1976).

JMIC correctly points out that the trial court has certified a 38-state class. It is undisputed, however, that class members executed materially similar form contracts that require JMIC to return the unearned premium when the insured's loan is paid off prior to maturity, and, in this regard, JMIC administers all its policies in the same manner.

While the laws of the several states necessarily differ to some degree, JMIC has not come forward with evidence showing how the result would be different for the members of the class under the law of contracts on a state-by-state basis. Absent such a showing, Georgia law controls, see *Abruzzino v. Farmers' & Merchants' Bank*, 168 Ga. App. 639, 640 (1) (309 SE2d 911) (1983), and, as the trial court ruled, there is no lack of commonality on this account. The certification of multistate class actions involving materially similar form life insurance policies are " 'classic' cases for treatment as a class action." *UNUM*, supra, 256 Ga. App. at 583. Since nothing of record shows that any of the JMIC policies at issue require the insured to give *pre-suit* notice, policy differences as to notice are not material in this case.

JMIC argues differing affirmative defenses to breach of contract state-by-state. Again, however, it does not provide evidence showing that applying the law of another state would yield a different result for any class member, foreclosing a finding that common questions of law do not predominate on this basis.

Proof that Toole is entitled to the return of the portion of his premium that JMIC did not earn establishes a similar entitlement for all members of the class, as certified, i.e., JMIC insureds whose underlying debt stopped before coverage expired but who have not received a return of unearned premiums. As the trial court found on an undisputed record, every JMIC insurance credit insurance policy provides that JMIC will return the unearned premium if the debt is paid off before the policy period expires. Toole's claim and those of the

class thus are one and the same, and the trial court did not abuse its discretion in finding that the proposed class meets the typicality requirement. OCGA § 9-11-23 (a) (3); *Meeks,* supra, 274 Ga. App. at 218 (3) (c).

It bears emphasis that certification orders are "inherently tentative," and the trial court retains jurisdiction to modify or even vacate them as may be warranted by subsequent events in the litigation. *Gen. Telephone Co. of the Southwest v. Falcon,* 457 U. S. 147, 160 (102 SC 2364, 72 LE2d 740) (1982); OCGA § 9-11-23 (c) (1). The trial court recognized this in its order certifying the class, stating that "if significant manageability problems arise, the Court can always revisit the issue of certification, de-certify the class, partially de-certify the class, or certify one or more sub-classes."

Given the foregoing, we cannot say at this interlocutory stage that the trial court abused its discretion in certifying the class. *Carnett's,* supra, 279 Ga. at 127 (3).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 10, 2006 — 

*Page, Scrantom, Sprouse, Tucker & Ford, Marcus B. Calhoun, Jr.,* for appellant.

*Butler, Wooten & Fryhofer, James E. Butler, Jr., Joel O. Wooten, Jr., Oates & Courville, Samuel W. Oates, Jr., Traci G. Courville, Hatcher, Stubbs, Land, Hollis & Rothschild, James E. Humes II, Gregory S. Ellington, Bondurant, Mixson & Elmore, Michael B. Terry, Frank M. Lowrey IV,* for appellee.

*Owen, Gleaton, Egan, Jones & Sweeney, H. Andrew Owen, Jr., W. Seaborn Jones, Derrick L. Bingham, Lord, Bissell & Brook, David M. Leonard, Michael P. Bruyere,* amici curiae.