## A07A1030. VILLAGE AUTO INSURANCE COMPANY, INC. v. RUSH et al.
### (649 SE2d 862)

PHIPPS, Judge.

Annette Rush, individually and on behalf of similarly situated persons, filed a class action complaint against Village Auto Insurance Company, Inc. ("Village Auto"), alleging various claims including breach of contract and unjust enrichment. Rush subsequently moved for class certification. The trial court granted the motion, and Village Auto appeals. For reasons that follow, we affirm.

In Georgia, a class may be certified for class action litigation upon a finding that:

> (1) The class is so numerous that joinder of all members is impracticable; (2) There are questions of law or fact common to the class; (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) The representative parties will fairly and adequately protect the interests of the class.[1]

Decisions regarding class certification fall within the trial court's discretion and will be upheld on appeal absent abuse of that discretion.[2] Moreover, we will not reverse the factual findings in a trial court's class certification order unless they are clearly erroneous.[3] Under the "clearly erroneous" test, factual findings must be affirmed if supported by any evidence.[4]

The record shows that on May 27, 2005, Rush obtained automobile liability insurance coverage through Village Auto for her Pontiac Grand Prix. On the same day, she signed an application for membership in the "Transit Automobile Club" for an additional fee. Approximately six months later, she secured coverage through Village Auto

---

[1] OCGA § 9-11-23 (a).

[2] *UNUM Life Ins. Co. of America v. Crutchfield*, 256 Ga. App. 582 (568 SE2d 767) (2002).

[3] *J.M.I.C. Life Ins. Co. v. Toole*, 280 Ga. App. 372, 376 (2) (a) (634 SE2d 123) (2006).

[4] *Foster v. Ohlwiler*, 266 Ga. App. 371, 376 (1) (b) (597 SE2d 481) (2004).

for a second vehicle and signed a separate Transit Automobile Club membership application.

In October 2005 — before obtaining insurance for the second vehicle — Rush filed her class action complaint, asserting that she and other similarly situated persons had been improperly assessed "premiums" for automobile club coverage. She also alleged that Village Auto inappropriately charged customers billing fees relating to the automobile club membership. According to the complaint:

Most of [Village Auto's] customers, like [Rush], never request or authorize any purported "auto club" coverage for which they are assessed, and most consumers, like [Rush], are unaware that this purported "auto club" coverage exists with respect to his or her account. Based upon information and belief, [Village Auto's] computer system is rigged to automatically default into placing "auto-club" coverage on customers' accounts although customers did not ask for or are [not] aware that such coverage is placed.

Rush asserted class claims for trespass to personalty, money had and received, breach of contract and the implied covenant of good faith and fair dealing, unjust enrichment, and violation of the Georgia Deceptive Trade Practices Act. Following class-related discovery, the trial court granted Rush's motion for class certification, certifying the following two classes:

a. All citizens of the State of Georgia who are past insureds (within six (6) years of the filing of Plaintiff's action) or current insureds of the Defendant or its affiliates and who paid or are currently paying "fees" or "dues" for "motor club" coverage through Transit Automobile Club.

b. All citizens in the State of Georgia who are past insureds (within six (6) years of the filing of Plaintiff's action) or current insureds of the Defendant or its affiliates and who paid or are currently paying a "billing fee" in connection with their "motor club" coverage through Transit Automobile Club.

Village Auto vigorously challenges the class certification order on appeal, asserting that the trial court's "analysis is riddled with substantive evidentiary and legal errors." We disagree.

1. Village Auto first argues that Rush's claims rest on the premise that class members bought an automobile club membership and incurred a membership billing fee *unknowingly*. It further argues

that because each class member's knowledge depends on the particular information the member received from Village Auto insurance agents, class certification is precluded. According to Village Auto, this case involves individualized — rather than common — factual questions regarding each class member's awareness of the automobile club and billing fees.

To support its argument, Village Auto relies heavily on the Supreme Court of Georgia's decision in *Carnett's, Inc. v. Hammond.*[5] The *Carnett's* Court held that even if a common question exists with respect to the proposed class, that question cannot support class certification "when the *answer* may vary with each class member and is determinative of whether the member is properly part of the class."[6] The trial court found, however, that the class action complaint primarily challenges Village Auto's purported *general practice* of automatically — without request from or discussion with the customer — including the motor club in the insurance quote. And Rush offered evidence that Village Auto defaults to the highest, most expensive level of automobile club membership in every quote given to a customer. The motor club application presented to the customer for signature does not describe the club, and the insurance billing invoices subsequently received by the customer do not reference the club or the motor club fee.

At base, Rush claims that these and other standard practices relating to the motor club — such as incorporating a motor club billing fee in an invoice that already includes an insurance billing fee — are improper. She focuses on Village Auto's standard practices and documents, not on facts individual to each class member. As described by Rush, "[t]he conduct challenged in this action involves [Village Auto's] standard and uniform practice of automatically enrolling insureds into 'motor club' membership and assessing fictitious 'billing fees.'" Although she also asserts that Village Auto failed to disclose information to its insureds, her claims center on the standard sales practices and tactics allegedly used with respect to all customers.

Undoubtedly, class certification is not appropriate if "resolution of individual questions plays a significant, integral part of the deter-

---

[5] 279 Ga. 125 (610 SE2d 529) (2005).

[6] Id. at 129 (4) (footnote omitted); see also *Aetna Cas. & Surety Co. v. Cantrell*, 197 Ga. App. 672, 674 (2) (399 SE2d 237) (1990) ("A class action is not authorized where the issue presented must be resolved on a contract-by-contract basis and where the resolution of individual questions plays such an integral part in the determination of liability.") (citations and punctuation omitted).

mination of liability."[7] But "as long as the common questions predominate," a class may be certified even if some individual questions of law or fact exist.[8] And the trial court found that Rush's legal claims primarily involve the standard tactics used by Village Auto in securing its customers' business, not the knowledge of individual class members.[9]

In essence, Rush asserts that regardless of the class members' knowledge, Village Auto's standard sales methods and practices — such as unilaterally placing the automobile club membership in the insurance quote — give rise to various causes of action, including breach of contract and unjust enrichment. Given the evidence presented, as well as Rush's characterization of her claims, the trial court did not abuse its discretion in determining that common issues among class members predominate over individual issues.[10]

2. Village Auto also argues that Rush cannot adequately represent the class because: (a) she is not a current customer of Village Auto and thus lacks standing to represent those who are; (b) she signed two membership applications for the automobile club and cannot claim that Village Auto enrolled her in the club without her knowledge; and (c) she would not be able to survive a motion for summary judgment on any claim in her complaint.

With respect to standing, the record shows that Rush was a "current customer" at the time she filed the complaint, but she apparently cancelled or failed to renew her coverage at some point during the course of this litigation. As a recent "past insured," however, she clearly falls within the class definitions. Accordingly, she is not an inadequate representative on this ground.[11]

The insurer's two remaining arguments relate to the merits of Rush's claims. Village Auto contends that because her individual claims lack merit, particularly given her knowledge regarding the automobile club, she cannot properly represent the class. When a court determines the propriety of a class action, however, "the first

---

[7] *UNUM Life Ins. Co.*, supra at 584 (citation omitted).

[8] Id.

[9] Rush's complaint does not allege a fraud claim.

[10] See *UNUM Life Ins. Co.*, supra. Compare *Carnett's*, supra at 127-128 (3), (4) (trial court acted within its discretion in refusing to certify a class where individual issue of whether each class member received an *unsolicited* fax transmission was central to determining liability under the Telephone Consumer Protection Act); *Life Ins. Co. of Ga. v. Meeks*, 274 Ga. App. 212, 217-218 (3) (b) (617 SE2d 179) (2005) ("In general, claims of fraud based upon oral misrepresentations are not appropriate for class treatment because the reliance element must be proved factually for each individual class member.").

[11] See, e.g., *McGarry v. Cingular Wireless*, 267 Ga. App. 23, 25 (1) (599 SE2d 34) (2004) (plaintiff cannot meet the adequate representation component unless she is a member of the proposed class).

issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of OCGA § 9-11-23 have been met."[12] Any assertion that the named plaintiff cannot prevail on her claims "does not comprise an appropriate basis for denying class certification."[13]

At some point, the underlying merit of Rush's claims may be brought into question. But merit-based disputes are not ripe for resolution at the class certification stage, particularly where no dispositive motions have been filed, argued, or ruled on below, and merits discovery has not concluded. Moreover, the trial court specifically reserved "the right to alter, amend, modify or vacate [the class certification order] as may be appropriate during the course of this litigation and after discovery on the merits of [Rush's] claims has been completed." Thus, if it later appears that certain types of claims or relief are not appropriate for class treatment, the trial court can alter the course of the litigation or even decertify the class. Under these circumstances, the trial court did not abuse its discretion in certifying the class "at this interlocutory stage."[14]

3. Next, Village Auto launches a scatter-shot attack on various individual statements in the trial court's class certification order, asserting that the statements lack evidentiary support. But a review of the challenged "findings" shows that they: (1) are accurate recitations of Rush's *allegations*; (2) are supported by at least some evidence in the record; (3) likely had no impact on the trial court's ultimate decision; or (4) have been misconstrued by Village Auto.[15] Simply put, Village Auto's attack does not undermine the validity of the class certification ruling.

4. Village Auto also claims that the trial court's certification order improperly cited a stipulated settlement between the Alabama Department of Insurance ("ADI") and a company allegedly related to Village Auto. Noting that Village Auto is owned by Acceptance Corporation, the trial court found that the ADI had investigated Acceptance Corporation's motor club practices in Alabama and had forced Acceptance to stop selling club memberships in that state. The court then quoted an allegation made by the ADI following the Alabama investigation. After stating that Rush had demonstrated

---

[12] *Taylor Auto Group v. Jessie*, 241 Ga. App. 602, 603 (2) (527 SE2d 256) (1999) (citation and punctuation omitted).

[13] Id. at 604 (citation omitted).

[14] *J.M.I.C.*, supra at 378 (2) (c).

[15] Village Auto complains on appeal that the trial court "seemed to prejudge the merits of the case." Throughout the class certification order, however, the trial court recognized that the merits of the dispute had not been litigated and noted that certain consequences might arise *if* Rush proved her claims. The trial court's certification order did not resolve the merits of the action, and its language cannot be read to do so.

Village Auto's practices to be "systematic, ongoing, and widespread," the trial court also referenced the ADI's investigation of "the same practice in Alabama."

According to Village Auto, the stipulated settlement is "patent hearsay" that should not have been considered by the trial court. The trial court, however, recognized that the settlement was signed by a company other than Village Auto and that the quoted language constituted an allegation from the ADI. Furthermore, the trial court did not rely on the settlement to find that Village Auto engaged in a standard sales practice with respect to the automobile club. On the contrary, it noted that Acceptance engaged in the "same practice" in Alabama. And record evidence — including deposition testimony from a Village Auto corporate representative — supported the conclusion that Village Auto employed a standard or systemic practice in selling the automobile club memberships. Thus, even if the trial court erred in considering the Alabama stipulated settlement, the error was not harmful and does not support reversal.[16]

5. Finally, Village Auto argues that the trial court erroneously relied upon excerpts of deposition testimony attached to Rush's motion for class certification. The record contains a complete copy of Rush's deposition testimony, but full transcripts of other depositions do not appear in the record. Although Village Auto asked Rush to file these other transcripts with the trial court, she apparently failed to do so. Village Auto thus claims that the deposition excerpts cannot support the certification order.

Village Auto, however, never objected below to Rush's failure to file the depositions, and it made no further effort to have them added to the record before the trial court issued its certification order. Moreover, case law specifically allows a trial court to rely on deposition excerpts filed by a party in support of a motion.[17] This procedural issue, therefore, presents no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 19, 2007 —

*Troutman Sanders, Herbert D. Shellhouse*, for appellant.
*Finley & Buckley, James B. Finley*, for appellees.

---

[16] See, e.g., *Smith v. Stacey*, 281 Ga. 601, 601-602 (1) (642 SE2d 28) (2007) ("The admission of hearsay testimony is harmless when it is cumulative of legally admissible evidence showing the same fact.").

[17] See *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676, 678 (1) (634 SE2d 802) (2006); *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (3) (352 SE2d 604) (1986).