A08A2121. GRIFFIN INDUSTRIES, INC. et al. v. GREEN et al.
(677 SE2d 310)

MIKELL, Judge.

This is the second appearance of this litigation in this court.[1] In that decision we asked the trial court to make a "more detailed" order addressing whether the factors for class certification have been

---

[1] See *Griffin Indus. v. Green*, 280 Ga. App. 858 (635 SE2d 231) (2006).

met and specifying the findings of fact and conclusions of law supporting the decision.[2]

1. A comparison of the original order and the order appealed from today reveals that the new order does "address" each of the required factors to be considered when ruling on a request to certify a class.

However, there remains the statutory requirement that the order contain findings of fact and conclusions of law pursuant to OCGA § 9-11-23. Although there is no precedent directly on point, our instinct is that the requirement for "findings of fact" may be less stringent in an order certifying or denying a class than it would be, for example, in a judgment after a bench trial in a complex civil action. The facts are always hotly disputed at the certification stage in a class action, and we doubt that the General Assembly intended to require the trial courts to make definitive judgments at an early point in the litigation. Nonetheless, we are disappointed that the "findings of fact" in the new order are conclusory and do not specify the evidence, depositions, affidavits, etc., relied upon.

The revised, new order is not perfect, but it is adequate. Therefore the appellants' first enumeration of error is without merit.

2. The second enumeration asserts that the trial court erred by finding that the common issues predominated "over the individual factual and legal questions." As we understand this complex case, the defenses are not complex, other than perhaps the Right to Farm Act. The defense is that the defendants were not negligent, that the plume did not extend over the entire "cone" or rather circle specified, and therefore some members of the alleged class were not damaged, and that the damages vary enormously for different members of the class. We note that the first order seems to have bifurcated the issue of damages.[3] The necessity for bifurcation does not automatically mean in Georgia that class certification is inappropriate.

Despite a trial court's findings of fact when ruling on a motion to certify a class, the issue of whether or not such a class exists, or whether any particular plaintiff or subclass of plaintiffs was in fact damaged, are of course matters which may be raised at trial. A jury may or may not be convinced that the plaintiffs have proved their points by a preponderance of the evidence.

The law in Georgia is allegedly that finding whether individual issues predominate over common issues is a determination within

---

[2] Id. at 859-860.

[3] See generally State Farm &c. Ins. Co. v. Mabry, 274 Ga. 498, 499 (1) (556 SE2d 114) (2001).

the sound discretion of the trial judge.[4] If we were the trial court, we might or might not have ruled as it did on this issue. But, if we review and weigh the facts of each class action as a matter of law when deciding whether the class should be certified, then we are not adhering to stare decisis. We are not sure that the decided decisions are correct. Perhaps the standard of review should be a de novo review as a matter of law upon the facts as found by the trial court.[5] But until we are told otherwise by the Supreme Court of our state or by a full bench of this court, discretion will continue to mean discretion. The second enumeration is without merit.

3. By analogy to the reasoning of Division 2 above, we find enumeration of error three also to be without merit. We cannot hold in this case, as a matter of law, that the trial court abused its discretion in ruling on the commonality issue.

If the rulings below were being reviewed as a matter of law, as for example on a motion for summary judgment, we might well reverse. Because the standard of review is "abuse of discretion," the order appealed from is affirmed.

*Judgment affirmed. Smith, P. J., concurs. Adams, J., concurs in judgment only.*

DECIDED FEBRUARY 18, 2009 —
RECONSIDERATION DENIED APRIL 7, 2009

*Bryan, Cave, Powell & Goldstein, L. Lin Wood, Jr., Katherine V. Hernacki*, for appellants.

*Bondurant, Mixson & Elmore, Michael B. Terry, Steven J. Rosenwasser, James D. Summerville*, for appellees.

---

[4] See *Unum Life Ins. Co. of America v. Crutchfield*, 256 Ga. App. 582, 584 (568 SE2d 767) (2002).

[5] We have not found a case in Georgia in which the outcome would have been different under a de novo standard of review. See generally *Unum Life Ins. Co.*, supra; *Trend Star Continental v. Branham*, 220 Ga. App. 781 (469 SE2d 750) (1996); *Hill v. Gen. Finance Corp. of Ga.*, 144 Ga. App. 434 (241 SE2d 282) (1977).