## A09A2036. FULLER v. HEARTWOOD 11, LLC et al.

### (687 SE2d 287)

ELLINGTON, Judge.

Wilbur Fuller appeals from an order of the Superior Court of Fulton County denying his motion for class certification pursuant to OCGA § 9-11-23. Fuller contends the trial court erred in denying his written motion for class certification. He argues the court erred in finding his motion untimely filed and in concluding that the delay in filing the motion resulted in prejudice to the defendants and the class. Fuller further contends the trial court erred in failing to make factual findings in support of its ruling. For the reasons set forth below, we vacate the court's order and remand the case for further proceedings consistent with this opinion.

The record shows that, on March 26, 2004, Fulton County property owners Wilbur Fuller and Velva Bass ("plaintiffs") filed a "Class Action Complaint" against Heartwood 11, LLC, and Vesta Holding Company I, LLC ("defendants"), companies that had purchased some of Fulton County's tax liens on the plaintiffs' property. The plaintiffs sought relief for themselves and members of the proposed class for the allegedly unconstitutional and fraudulent actions of the defendants in demanding additional penalties and interest on those purchased tax liens. The defendants jointly filed an answer on May 3, 2004, and, on July 1, 2004, they filed a motion seeking a judgment on the pleadings. In the brief in support of their motion, the defendants argued that the law expressly allowed for the collection of penalties and interest on the transferred tax liens and that the voluntary payment doctrine barred Fuller from seeking any recovery. On July 14, 2004, the parties filed a stipulation in which they agreed that the defendants did not have to respond to the plaintiffs' discovery requests until the court ruled on the motion for a judgment on the pleadings. The trial court did not rule on that motion until December 5, 2005,[1] when it entered an order granting in part and denying in part the motion. In granting a partial judgment on the pleadings in favor of Heartwood as to Count 1 of Fuller's complaint, the court concluded that OCGA § 9-13-36 "specifically authorizes [the] transfer of a tax execution" and was not unconstitutional on its face.

Within two weeks of the entry of the court's order on the defendants' motion for judgment on the pleadings, the plaintiffs resumed their discovery efforts. On December 28, 2005, the defen-

---

[1] During the 17-month period between the filing of the motion and the court's order disposing of it, the parties filed numerous requests for oral argument, the plaintiffs amended their complaint, and the defendants filed motions for summary judgment, none of which the court addressed during this period.

dants filed a motion for reconsideration of that portion of the court's order denying them a judgment on the pleadings. On January 17, 2006, the defendants responded to the plaintiffs' discovery requests. On January 19, 2006, the plaintiffs filed a second amended complaint and a motion for class certification. The court did not address the plaintiffs' motion for class certification or any other pending motions, but, rather, on February 10, 2006, entered an order staying "all proceedings" and tolling "any discovery periods, time to respond or other time limits imposed by law" until this Court's decision in *E-Lane Pine Hills v. Ferdinand*, 277 Ga. App. 566, 569 (627 SE2d 44) (2005), was final.[2] The superior court reasoned that the *E-Lane* case was "potentially dispositive of many of the remaining claims in this case."

In *E-Lane*, we held that OCGA § 9-13-36, which provides that, after purchasing a tax execution, "[t]he transferee shall have the same rights as to enforcing the execution . . . as might have been exercised or claimed before the transfer," was impliedly repealed, insofar as it applies to tax executions, by OCGA § 48-3-19. 277 Ga. App. at 570. Fuller moved for reconsideration of the trial court's partial grant of judgment on the pleadings to the defendants. On July 11, 2007, almost a year after the Supreme Court of Georgia denied certiorari in *E-Lane*, the superior court entered an order granting the motion in part and vacating its previous finding that "the transfer of the right to enforce the tax lien under OCGA § 9-13-36 is not unconstitutional as a matter of law." In this same order, the superior court, in response to Fuller's motion for class certification, ordered the parties to appear for a "case management conference" on August 16, 2007. Citing OCGA § 9-11-23 (f) (1), the court stated that "[a]t this time[,] a schedule for discovery as to the issues presented in the motion for class certification shall be entered."

During the August 16 conference, the defendants vigorously argued that Fuller's motion for class certification should be denied as untimely filed. (The judge also dismissed plaintiff Bass from the suit, a ruling which is not at issue in this appeal.) The judge agreed to postpone the conference to allow the parties to submit briefs on whether Fuller's motion for class certification was timely. The judge, however, never ruled on the matter, and, at some point not evident in the record, the case was transferred to another judge. On March 18, 2009, the new judge, without further hearing, entered an order

---

[2] At the time of the superior court's order, *E-Lane* was pending upon a motion for reconsideration in this Court, and the Fulton County Tax Commissioner had petitioned for a writ of certiorari to the Supreme Court of Georgia.

denying Fuller's motion for class certification "as the determination was not accomplished as soon as practicable after the commencement of this action almost five years ago. As such, both Defendants and even members of the proposed class have been prejudiced by the delay." The court did not elaborate on how the defendants or the class were prejudiced. It is from this order that Fuller appeals.

Fuller contends the superior court erred in construing OCGA § 9-11-23 to place a burden on him to timely file a motion for class certification. He further argues that the trial court's order is unsupported by the record and that the court erred in failing to make factual findings supporting its determination that the delay prejudiced the defendants and members of the class. For the following reasons, we agree that the trial court's order must be vacated and the case remanded.

OCGA § 9-11-23 (c) (1) provides:

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subsection may be conditional, and may be altered or amended before the decision on the merits.

Additionally, OCGA § 9-11-23 (f) (1) provides:

> After the commencement of an action in which claims or defenses are purported to be asserted on behalf of or against a class, the court shall hold a conference among all named parties to the action for the purpose of establishing a schedule for any discovery germane to the issue of whether the requested class should or should not be certified. At this conference, the court shall set a date for a hearing on the issue of class certification. Except for good cause shown, such hearing may not be set sooner than 90 days nor later than 180 days after the date on which the court issues its scheduling order pursuant to the conference. If evidence is presented by affidavit, the parties shall have an opportunity to cross-examine affiants as to such testimony offered by affidavit.

And, further, OCGA § 9-11-23 (f) (3) provides:

> When deciding whether a requested class is to be certified, the court shall enter a written order addressing whether the factors required by this Code section for certification of a class have been met and specifying the

findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established. In so doing, the court may treat a factor as having been established if all parties to the action have so stipulated on the record.

The statute neither directs a plaintiff to move for class certification within a specified time, nor does it prevent a defendant from requesting an order denying class certification or a court from acting on its own initiative. In fact, it appears from these relevant portions of OCGA § 9-11-23 that the legislature intended for the trial courts to actively manage class certification matters. Although the statute sets no specific deadlines, it mandates that a decision on class certification should be made "as soon as practicable." The parties have cited to no Georgia cases, nor have we found any, specifically addressing the circumstances under which an otherwise proper motion for class certification may be denied as untimely. Consequently, we look to those federal cases interpreting Rule 23 of the Federal Rules of Civil Procedure, the rule upon which OCGA § 9-11-23 was based,[3] for guidance.[4]

Federal courts construing Rule 23 have stated that the rule imposes no specific deadline by which a district court must certify a class,[5] although some jurisdictions impose specific time limits by

---

[3] We note that, pursuant to FRCP 23 (c) (1) (A), federal district courts must determine whether to certify an action as a class action "at an early practicable time" after the suit is filed as opposed to "as soon as practicable." OCGA § 9-11-23 (c) (1) differs from the federal rule in this respect because the Georgia Legislature adopted an earlier version of the federal rule, see Ga. Laws 1996, p. 1203, § 1, and did not subsequently adopt the changes made to the federal rule in December 2003.

> The Committee Note to the 2003 amendments [to the federal rule] observes that the "as soon as practicable" formulation "neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision." Accordingly, the "at an early practicable time" language is intended to allow courts more flexibility in timing certification decisions, *but it does not signal a radical departure from the practice reflected in older cases.*

(Footnotes omitted; emphasis supplied.) 5 Moore's Federal Practice 3d, Class Actions, § 23.81 [1], pp. 374-375 (2009). Consequently, for purposes of this opinion, we consider those federal cases construing Rule 23 as amended persuasive precedent applicable to the instant dispute.

[4] See *Barnum v. Coastal Health Svcs.*, 288 Ga. App. 209, 215 (2) (b) (653 SE2d 816) (2007) (because of the similarity of the Georgia Civil Practice Act to the Federal Rules of Civil Procedure from which it was taken, it is proper to consider and give weight to constructions placed on federal rules by federal courts); *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 953 (1) (216 SE2d 897) (1975) ("Since there are only a few definitive holdings in Georgia [regarding the prerequisites for class certification] of the Civil Practice Act, we also look to federal cases to aid us.") (citation omitted).

[5] See *Montelongo v. Meese*, 803 F2d 1341, 1350-1352 (5th Cir. 1986) ("Although the district court should make its initial ruling on class certification 'as soon as practicable after the commencement of an action,' Fed. R. Civ. P. 23 (c) (1), there is no set deadline by which the court must act." Thus, the court held that the decision to certify the class three years after suit

local rule,[6] a circumstance which is not applicable in the instant case. The decision to certify an action as a class action may be made upon the motion of the proponent or the opponent of the class action or upon the court's own initiative.[7] Further, a trial "court is expected to actively manage a case to ensure that the certification decision is not unjustifiably delayed."[8] Given this persuasive authority, we hold that OCGA § 9-11-23 places a shared obligation upon the litigants and the court to ensure that the question of class certification is timely resolved.

We further hold that, when deciding whether to deny a motion for class certification as untimely, the court, in the exercise of its sound discretion,[9] must consider the purposes served by the rule, balancing any actual prejudice to the litigants or the class against any legitimate reasons for the delay. In the absence of a local rule governing the timely filing of a motion for class certification, a court may not deny an otherwise proper motion *solely* on the basis that it was untimely. Rather, the court must determine, considering the factors set forth below, whether the delay resulted in any actual prejudice to the litigants or to the class.[10] Then, in its order on the motion for class certification, the court shall set forth in writing

<div style="writing-mode: vertical;">YALE LAW LIBRARY</div>

filed was not untimely as the delay was due to a docket backlog and ongoing discovery, and the defendants were not unduly prejudiced by the delay.) (citation omitted).

[6] See *Cottone v. Blum*, 571 FSupp. 437, 440-441 (I) (W.D. N.Y. 1983) (class action certification motion denied because, in addition to other reasons, plaintiff failed to move for certification within 60 days, as required by local rule).

[7] See *Huff v. N. D. Cass Co. of Ala.*, 485 F2d 710, 712 (5th Cir. 1973); *Perez v. Govt. of Virgin Islands*, 109 FRD 384, 386 (II) (D.V.I. 1986). See also *Fujita v. Sumitomo Bank of California*, 70 FRD 406, 411 (N.D. Ca. 1975). ("We further note that the language of Rule 23 (c) (1) does not place the burden of expeditiously raising the issue of class certification solely upon the plaintiff, and conclude that defendants have an equal opportunity and obligation to raise this issue 'as soon as practicable.' ").

[8] (Footnote omitted.) 5 Moore's Federal Practice 3d, Class Actions, § 23.81 [1], p. 375. See *Trevizo v. Adams*, 455 F3d 1155, 1161 (10th Cir. 2006) (interpreting Rule 23 (c) (1) to require the trial court to "take up class actions status" in a timely manner "whether requested to do so or not by a party or parties, where it is an element of the case," and, therefore, the rule does not create an independent basis for automatically denying a party's certification motion); *Martinez-Mendoza v. Champion Intl. Corp.*, 340 F3d 1200, 1216, n. 37 (11th Cir. 2003) ("Under Rule 23 (c) (1), the trial court has an independent obligation to decide whether an action was properly brought as a class action, even where . . . neither party moves for a ruling on class certification.") (citation and punctuation omitted).

[9] See *UNUM Life Ins. Co. of America v. Crutchfield*, 256 Ga. App. 582 (568 SE2d 767) (2002) ("Certification of a class action is a matter of discretion with the trial judge, and, absent abuse of that discretion, we will not disturb the trial court's decision.") (citation omitted).

[10] *Muth v. Dechert, Price & Rhoads*, 70 FRD 602, 606 (E.D. Pa. 1976) ("It is clear, however, that the untimeliness of the class action motion, in and of itself, will not justify denying class status to the action. . . . Moreover, there is no reason to deny class certification in the absence of any showing of prejudice to the defendants or to members of the class.") (citations omitted).

factual findings supporting its decision.[11]

The purposes served by requiring the certification of a class "as soon as practicable" include timely identifying the legal issues and trial strategies involved in a case,[12] in determining who will be bound by a judgment,[13] and in expeditiously and efficiently managing the litigation from discovery through appellate review.[14] Legitimate reasons for delay include resolving legal issues that may be dispositive of the action against a named individual without binding the proposed class[15] and conducting discovery on the certification issue so that the court will have sufficient information when deciding whether to certify the class.[16]

---

[11] OCGA § 9-11-23 (f) (3) requires a court, "[w]hen deciding whether a requested class is to be certified," to specify in a written order "the findings of fact and conclusions of law on which the court has based its decision[.]" The Supreme Court of the United States has required district courts to conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met before certifying a class. *Gen. Telephone Co. &c. v. Falcon*, 457 U. S. 147, 161 (III) (102 SC 2364, 72 LE2d 740) (1982). We believe this rigorous analysis should also apply to a trial court's decision concerning whether the parties or the class have been prejudiced by an untimely motion for class certification.

[12] See *Bieneman v. City of Chicago*, 838 F2d 962, 964 (7th Cir. 1988) ("[O]ne reason for early certification is to identify the stakes of the case so that the parties may choose their litigation strategies accordingly.").

[13] See *Siskind v. Sperry Retirement Program*, 47 F3d 498, 503 (I) (A) (2nd Cir. 1995) ("[F]undamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages.") (citations omitted); *Andrews v. Bechtel Power Corp.*, 780 F2d 124, 131 (II) (A) (1st Cir. 1985) ("One purpose of the rule is to protect the defendants from prejudice caused by a late expansion of the class.") (citation omitted).

[14] See *Henry v. Gross*, 803 F2d 757, 769 (2nd Cir. 1986) ("Although requested to do so on several occasions, the lower court declined to certify this action as a class action until the proceedings were nearly concluded. As a result, the parties were often at a loss to determine the nature of the proceedings. This failure to identify the issues and certify the classes early in the proceedings not only produced below an atmosphere of confusion, but also made our appellate review more difficult.").

[15] See *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F3d 608, 611 (6th Cir. 2002) (Because the district court's grant of the defendant's motion for summary judgment rendered all other issues moot, the district court did not abuse its discretion in refusing to rule on a motion for class certification before ruling on the merits of the case.); *Wright v. Schock*, 742 F2d 541, 543-544 (9th Cir. 1984) (court properly ruled on motion for summary judgment before class certification because resolution of the motion protected the parties from needless and costly further litigation, and the parties did not suffer significant prejudice by early determination on the merits).

[16] See *Mills v. Foremost Ins. Co.*, 511 F3d 1300, 1309-1311 (III) (11th Cir. 2008) (In reversing as premature the district court's determination that a class action could not be maintained, the appellate court held that the district court should have allowed limited discovery and possibly an evidentiary hearing when litigants' disputes as to class could not be resolved by reference to the complaint.); *In re American Med. Systems*, 75 F3d 1069, 1086 (III) (A) (7) (6th Cir. 1996) ("The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues.") (citations and punctuation omitted); *Probe v. State Teachers' Retirement System*, 780 F2d 776, 780 (II) (9th Cir. 1986) (18-month delay in seeking certification was reasonable given that plaintiff was conducting discovery to determine the number of class members and defendants were not prejudiced thereby).

Because the court did not engage in this analysis in determining whether the motion for class certification should be denied as untimely or make any factual findings supporting its decision, we vacate the court's order and remand this case to the trial court for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with instruction. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 24, 2009 — 

*Devlin & Robinson, Jacob S. Eby, Daryl Von Yokely*, for appellant.

*Proctor, Hutchins & Porterfield, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey*, for appellees.