HUNSTEIN, Justice,
dissenting.
I must respectfully dissent.
1. The majority’s analysis affords insufficient deference to the trial court’s determination on class certification in this case. As this Court has noted, “trial judges have broad discretion in deciding whether to certify a class.” Carnett’s, Inc. v. Hammond, 279 Ga. 125, 127 (3) (610 SE2d 529) (2005); see also Jones v. Douglas County, 262 Ga. 317, 323 (2) (418 SE2d 19) (1992) (“[o]n appellate review ... ‘the discretion of the trial judge in certifying or refusing to certify a class action is to be respected in all cases where not abused’ ”). “ ‘Implicit in this deferential standard of review is a recognition of the fact-intensive basis of the certification inquiry and of the trial court’s inherent power to manage and control pending litigation.’ ” Brenntag Mid South, Inc. v. Smart, 308 Ga. App. 899, 902 (2) (710 SE2d 569) (2011). The trial court here did conduct the “rigorous analysis” contemplated in Wal-Mart Stores, Inc. v. Dukes, _ U. S. _ (II) (A) (131 SCt 2541, 180 LE2d 374) (2011), and concluded that common issues, typical of those faced across the class, would predominate over issues of an individualized nature. See Griffin Indus., Inc. v. Green, 297 Ga. App. 354, 355-356 (2) (677 SE2d 310) (2009) (affirming trial court’s decision to certify class under abuse of discretion standard of review, while noting that under a de novo standard the outcome of the appeal may have been different). This determination did not constitute an abuse of discretion, and it should be affirmed.
First, the trial court was well within its discretion in finding the commonality requirement to have been satisfied. Georgia-Pacific is the sole defendant whose single course of conduct has allegedly *533 affected all class members in a common manner. The plaintiffs have raised a number of common issues with regard to establishing Georgia-Pacific’s liability, including Georgia-Pacific’s operations at the Savannah River Mill, its waste disposal practices, and its safety program; the type and concentration of chemicals emitted from the Mill and sludge fields; and the properties and toxicity of hydrogen sulfide and its capacity to cause property damage and ill health effects. The resolution of all of these issues will depend on the same evidence, no matter the class member. The answers to all these questions can be generated efficiently, on a classwide basis, “in one stroke.” Dukes, _ U. S. at _ (II) (A).
For similar reasons, the trial court appropriately found that the typicality requirement has been satisfied. See Liberty Lending Svcs., Inc. v. Canada, 293 Ga. App. 731, 738 (1) (b) (668 SE2d 3) (2008) (typicality satisfied by showing “that the defendant ‘committed the same unlawful acts in the same method against [the] entire class’ ”). Contrary to the view expressed in the concurring opinion, the fact that the class includes properties with different uses does not defeat typicality. Though the particular use to which a parcel is put may affect the measure of damages incurred, the presence of individualized damages issues does not alter the fact that a single course of conduct on the part of Georgia-Pacific is alleged to have caused injury to the entire class. See id.; see also Brenntag, 308 Ga. App. at 906-907 (presence of individualized damages issues did not defeat typicality or any of the other requirements for class certification).
Moreover, the plaintiffs did not rely on mere allegations in support of their request for class certification. The plaintiffs presented the deposition testimony of Georgia-Pacific’s environmental manager, who acknowledged that hydrogen sulfide was being emitted from the sludge fields and admitted, for example, the company’s knowledge regarding the noxious odors from these emissions and the damage caused to air conditioning units on various nearby properties. The plaintiffs also presented testimony from a property appraiser regarding the methodology employed in ascertaining the class boundaries and the process by which one would determine the diminution of a property’s value resulting from environmental contaminants. The plaintiffs presented further testimony providing specific evidence of damage to the air conditioning units on certain properties in proximity to the Mill. Accordingly, the plaintiffs satisfied their duty to establish commonality and typicality with evidence, as opposed to mere allegations.
Likewise, I would find no abuse of discretion in the trial court’s conclusion that, on balance, the common issues regarding liability predominate over the individualized issues involving damages. See *534 Brenntag, 308 Ga. App. at 906-907 (affirming class certification in suit involving the accidental release of toxic acid from a chemical storage tank located at the defendant’s facility, concluding that “ ‘(c)ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damages issues’ ”); Flournoy v. Honeywell Intl., Inc., 239 FRD 696 (S.D. Ga. 2006) (certifying a Rule 23 (b) (3) class of property owners suing for damages allegedly caused by pollutants emanating from defendant’s nearby plant).[16]
2. Though the majority purports to find insufficient commonality among class members (and hints that it might find typicality and predominance lacking for the same reasons), the issue the majority actually pinpoints as problematic is the class definition. Specifically, the majority finds fault with the manner in which the class boundaries were determined and the potential over- or underinclusiveness of the class. However, the issue of whether a proposed class is sufficiently precise and ascertainable is not coextensive with the issue of commonality. See, e.g., Smith v. ConocoPhillips, 298 FRD 575 (IV) (analyzing class definition independently of commonality requirement); Jackson v. Unocal, 262 P3d at 887-888 (same). Courts have typically assessed the sufficiency of a proposed class definition “[i]n keeping with the liberal construction to be given [to Rule 23].” Charles Alan Wright et al., 7A Fed. Prac. & Proc. Civ. § 1760 (3d ed. 2014). “All that is required is a ‘reasonable’ relationship between the evidence and the class boundaries as proposed by the plaintiff.” Jackson v. Unocal, 262 P3d at 887. See also Smith v. ConocoPhillips, 298 FRD 575 (IV) (at class certification stage, “[p]laintiffs are not required to adduce definitive evidence about the extent and scope of the contamination .... Plaintiffs need some evidence that contamination was present in the class area.”).
Assessed under this standard, the evidence here was sufficient to sustain the class as defined at this stage of the proceedings. According to the plaintiffs, the farthest point from the class to the sludge fields is approximately .9 miles. Georgia-Pacific’s environmental manager acknowledged in deposition testimony that the company has received complaints about the odor from the Mill from four to five miles away and that the odor from the hydrogen sulfide gas would reach every member of the proposed class. Testimony from two air *535 conditioning technicians supports the conclusion that the gases would likely affect all air conditioning units within the class area. Georgia-Pacific has in fact received complaints regarding corrosion of air conditioning units up to 2.4 miles away from the Mill, well beyond the class boundaries, and has assumed responsibility for replacing an air conditioning unit due to corrosion on at least one property lying outside the class boundaries. This fact, highlighted by the majority to support its finding of an absence of commonality, actually establishes just the opposite: in an abundance of caution, the plaintiffs drew their class boundaries conservatively, deliberately excluding some potential plaintiffs to avoid creating an over-inclusive class that would truly lack commonality. See Wright, 7A Fed. Prac. & Proc. Civ. § 1760 (noting that potential underinclusiveness of a proposed class is not fatal to a class definition). In short, the evidence supported the plaintiffs’ proposed class definition, and the majority is wrong to conclude otherwise.
Decided July 11, 2014.
Hull Barrett, David E. Hudson, William J. Keogh III, Ellis, Painter, Ratterree & Adams, Ryburn C. Ratterree, Tracy A. O’Connell, for appellant.
Bell & Brigham, John C. Bell, Jr., Oliver Maner, Benjamin M. Perkins, Timothy D. Roberts, Melissa L. Bailey, for appellees.
Brinson Askew Berry Seigler Richardson & Davis, Robert M. Brinson, Norman S. Fletcher, Troutman Sanders, William M. Droze, Douglas A. Henderson, McNatt, Greene & Peterson, HughB. McNatt, Randall D. Quintrell, Robbins, Russell, Englert, Orseck, Untereiner *536 & Sauber, Alan E. Untereiner, Matthew M. Madden, Skadden, Arps, Slate, Meagher & Flom, John H. Beisner, Geoffrey M. Wyatt, Jessica D. Miller, GreenLaw, Steven D. Caley, amici curiae.
*535 3. Though I disagree with the conclusion that the class as currently defined is not supported by the current record, I note that the majority’s opinion expressly contemplates the possibility that the plaintiffs here could still, with additional evidence, establish the existence of a sustainable class. See OCGA § 9-11-23 (c) (1), (d) (both subsections giving trial courts the authority, prior to a decision on the merits, to alter or amend orders regarding class certification or case management); see also Fuller v. Heartwood 11, 301 Ga. App. 309 (687 SE2d 287) (2009) (noting absence of fixed deadline in statute or court rules by which class must be certified). It thus remains to be seen whether this case will move forward as a class action.
I am authorized to state that Justice Benham concurs in this dissent.

 See also Smith v. ConocoPhillips Pipe Line Co., 298 FRD 575 (B.D. Mo. Mar. 31, 2014) (certifying property damage class despite need for individual damages assessments); Powell v. Tosh, 280 FRD 296 (W.D. Ky. 2012) (same); Jackson v. Unocal Corp., 262 P3d 874 (Colo. 2011) (affirming certification of property damage class despite need for individual damages assessments).