# Court of Appeals
# of the State of Georgia

ATLANTA, January 24, 2019

*The Court of Appeals hereby passes the following order:*

## A18A2124. RCC WESLEY CHAPEL CROSSING, LLC et al. v. ALLEN.

RCC Wesley Chapel Crossing, LLC, et al. appeal from the trial court's order provisionally granting class certification. We conclude that this Court lacks appellate jurisdiction and, therefore, we dismiss this appeal.

After Forrest Allen paid $650 to remove a "boot"[1] from his car, he sued numerous entities affiliated with the shopping center where he had parked. Allen alleged claims of negligence, negligence per se, premises liability, imputed negligence, and false imprisonment, and he requested compensatory damages, attorney fees, and punitive damages. He also requested class certification under OCGA § 9-11-23, identifying two classes of plaintiffs, and alleging that the defendants had booted at least 20 other vehicles.[2]

---

[1] "Booting" is generally defined as the practice of immobilizing vehicles by attaching a boot to the wheels. See www.dictionary.com/browse/booting.

[2] Allen named as defendants: RCC Wesley Chapel Crossing, LLC; Little Giant Farmers Market Corp.; Phantom Fireworks Eastern Region, LLC; New Nails Salon and Spa, LLC; Dollar Tree Stores, Inc.; State Farm General Insurance Co.; Planet Fitness, Inc.; and American Wings Corp. The trial court later dismissed American Wings Corp. and State Farm General Insurance Co., and added as a defendant Judi P. Mitchell Insurance Agency d/b/a/ State Farm. RCC Wesley Chapel Crossing admitted that it was the owner of the property where this parking lot is located. For purposes of this order, we refer to all the defendants collectively.

The defendants answered the complaint and opposed class certification. On April 2, 2018, Allen filed a motion seeking leave to conduct class discovery and for a conference under OCGA § 9-11-23 (f). The following day, the trial court issued a Rule Nisi setting a hearing on the motion for class certification for May 4, 2018. On May 14, 2018, ten days after holding the hearing, the trial court issued its order "provisionally" granting class certification and granting leave to conduct discovery. In its order, the trial court determined that Allen satisfied the adequacy, typicality, commonality, and predominance requirements for class certification under OCGA § 9-11-23 (a). It did not, however, address superiority. As to numerosity, the trial court granted leave to conduct discovery in order to satisfy the numerosity prerequisite. The trial court stated in its order that discovery for purposes of class certification would begin as of the date of the order and continue for 90 days. The trial court instructed the parties that, "[p]rior to the close of class discovery Plaintiff shall provide this Court with evidence of the total number of class members. Numerosity under OCGA § 9-11-23 will be satisfied upon a showing that the total number of class members is equal to or greater than twenty-five (25) class members."

The defendants filed the instant appeal, and Allen filed a motion to dismiss the appeal on the grounds that the trial court's order is not immediately appealable under OCGA § 9-11-23 (g).

The question of whether we have appellate jurisdiction to address the merits of the trial court's order involves the interpretation of a statute, and therefore, our review is de novo.[3] *Upper Chattahoochee Riverkeeper v. Forsyth County*, 318 Ga. App. 499, 502 (734 SE2d 242) (2012).

---

[3] Neither our Court nor the Supreme Court of Georgia has expressly weighed in on whether a party may immediately appeal a provisional grant of class certification. Cf. *Sentinel Offender Svcs. v. Glover*, 296 Ga. 315, 335-336 (5) (766 SE2d 456) (2014) (noting jurisdictional issue but declining to address it in light of remand on other grounds).

OCGA § 9-11-23 (c) (1) provides that "[a] court's order *certifying a class or refusing to certify a class shall be appealable* in the same manner as a final order to the appellate court which would otherwise have jurisdiction over the appeal from a final order in the action." (Emphasis supplied.) OCGA § 9-11-23 (g). The class action statute also instructs that

[a]fter the commencement of an action in which claims or defenses are purported to be asserted on behalf of or against a class, the court shall hold a conference among all named parties to the action for the purpose of establishing a schedule for any discovery germane to the issue of whether the requested class should or should not be certified. *At this conference, the court shall set a date for a hearing on the issue of class certification. Except for good cause shown, such hearing may not be set sooner than 90 days nor later than 180 days after the date on which the court issues its scheduling order pursuant to the conference.* If evidence is presented by affidavit, the parties shall have an opportunity to cross-examine affiants as to such testimony offered by affidavit.

(Emphasis supplied.) OCGA § 9-11-23 (f) (1).

"The first step in our analysis of this issue of statutory construction is to examine the plain statutory language." (Citation omitted.) *Morrison v. Claborn*, 294 Ga. App. 508, 512 (2) (669 SE2d 492) (2008). Considering the plain language of these statutes, we conclude that the trial court's order neither certified nor refused to certify the class such that the order is immediately appealable.

Importantly, Allen moved for class certification on February 6, 2018. On April 2, 2018, Allen filed a motion seeking leave to conduct class discovery and for a conference under OCGA § 9-11-23 (f). The following day, the trial court issued a Rule Nisi setting a hearing on the motion for class certification for May 4, 2018. The

trial court issued its order ten days after the hearing. OCGA § 9-11-23 (f) (1) speaks in the mandatory language: the trial court "shall" hold a hearing, which cannot occur until at least 90 days after the scheduling conference. See *Baylis v. Daryani*, 294 Ga. App. 729, 730 (1) (669 SE2d 674) (2008) ("The general rule is that 'shall' is recognized as a command, and is mandatory.") (citations omitted). Here, the trial court held a hearing before any scheduling conference. Under the plain language of the statute, this hearing could not constitute the hearing on class certification that must occur before the trial court may certify the class. The trial court is required to hold a status conference and set discovery, and a hearing on the certification issue cannot occur until at least 90 days after the trial court has done so. OCGA § 9-11-23 (f) (1). It is undisputed that none of that occurred in this case. Thus, the trial court will need to hold another hearing after the 90 day discovery period to address class certification. Presumably, at that time, there will be an order that either certifies the class or refuses to certify the class.

The fact that the statute contemplates conditional certification does not confer jurisdiction over every conditional order. See OCGA § 9-11-23 (c) (1). There is no dispute that class certifications are inherently conditional. *J. M. I. C. Life Ins. Co. v. Toole*, 280 Ga. App. 372, 378 (2) (c) (634 SE2d 123) (2006) ("It bears emphasis that certification orders are 'inherently tentative,' and the trial court retains jurisdiction to modify or even vacate them as may be warranted by subsequent events in the litigation."). Nevertheless, a plaintiff bringing a class action suit must make a threshold showing of, among other elements, numerosity. See OCGA § 9-11-23 (a); *Brenntag Mid South, Inc. v. Smart*, 308 Ga. App. 899, 901-902 (2) (710 SE2d 569) (2011) ("To obtain class action certification, the class representatives must satisfy all four prerequisites of OCGA § 9-11-23 (a), and at least one of the requirements set forth in OCGA § 9-11-23 (b)." (citation and punctuation omitted)). "Numerosity is the threshold factor, the sine qua non for class actions." *American Debt Foundation v. Hodzic*, 312 Ga. App. 806, 809 (1) (720 SE2d 283) (2011). To satisfy the threshold requirements, plaintiffs must do more than simply allege that they were satisfied.

*Wal–Mart Stores v. Dukes*, 564 U. S. 338, 349 (II) (A) (131 SCt 2541, 180 LE2d 374) (2011); *Georgia-Pacific Consumer Products v. Ratner*, 295 Ga. 524, 526 (1) (762 SE2d 419) (2014). Instead, the plaintiff must proffer evidence to establish that they have met the threshold requirements. See *Dukes*, supra, 564 U. S. at 349 (II) (A); *Ratner*, supra, 295 Ga. at 526 (1). Indeed, as part of its order, the trial court required Allen to present *evidence* regarding the number of class members so as to satisfy numerosity.

Here, Allen presented no evidence and put forth nothing other than his own allegations in his complaint to establish the numerosity threshold. In the absence of such a showing there simply is not an order that certifies a class. See *Perez v. Atlanta Check Cashers*, 302 Ga. App. 864, 867-868 (692 SE2d 670) (2010) (before a trial court can certify the class, the plaintiff *must* show that she satisfied the threshold factors). See also *Fuller v. Heartwood 11*, 301 Ga. App. 309, 314 (687 SE2d 287) (2009) ("Legitimate reasons for delay [in certifying a class] include . . . conducting discovery on the certification issue so that the court will have sufficient information when deciding whether to certify the class.") (footnotes omitted). Moreover, we note that, although the trial court made findings as to the other criteria under OCGA § 9-11-23 (a), it addressed only predominance under OCGA § 9-11-23 (b) (3) and did not mention superiority. Therefore, we conclude that the trial court's provisional order is not an order certifying a class, and we lack jurisdiction over the appeal.

"It is an elementary rule of statutory construction that statutes relating to the same subject matter are 'in pari materia' and must be construed together and harmonized whenever possible." (Citations omitted.) *Land USA, LLC v. Ga. Power Co.*, 297 Ga. 237, 241 (1) (773 SE2d 236) (2015). "And appellate courts must construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statutes meaningless." (Citations and punctuation omitted.) *Graham v. McKesson Information Solutions*, 279 Ga. App. 364, 366 (631 SE2d 424) (2006). Considering the statutory provisions

together, the trial court's order, and the threshold nature of establishing numerosity, we conclude that the trial court's order did not certify a class such that we would have jurisdiction over the appeal at this time. Jurisdiction at this point remains with the trial court. Accordingly, we dismiss this appeal for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*  01/24/2019
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

                                                                  , *Clerk.*