A06A0333, A06A0334. GRAHAM v. McKESSON INFORMATION
SOLUTIONS, LLC; and vice versa.
(631 SE2d 424)

ADAMS, Judge.

In 2001, McKesson Information Solutions, LLC filed an amended 1997 federal income tax return, which eventually was reviewed and approved by the Internal Revenue Service (IRS), and the IRS issued McKesson a refund of almost $12 million. But when McKesson sought a corresponding refund of $409,531 from Georgia, the State denied the claim on the ground that it was barred by the applicable three-year statute of limitation and not within the scope of any extension allowed by OCGA § 48-7-82.

McKesson filed suit for a refund in the superior court, and the parties filed cross-motions for summary judgment. The trial court ruled that McKesson's state refund claim for 1997 was timely and properly made. The State has appealed that ruling in Case No. A06A0333. But the trial court also ruled that the State had the authority to ignore the IRS's decision and make its own determination of McKesson's amended net state income. McKesson has cross-appealed that ruling in Case No. A06A0334.

The principal facts are simple and not in dispute. The case relates solely to the company's tax liability for the 1997 tax year. On September 10, 1998, McKesson, formerly known as HBO of Georgia, Inc., filed a federal income tax return. On September 15, 1998, McKesson filed a Georgia income tax return. McKesson had apparently obtained an extension of time to file the returns.

About three years later, on September 9, 2001, after deciding that it had overstated its income for 1997, McKesson filed an amended federal income tax return for 1997. And on the following day, it filed an amended Georgia income tax return and claim for refund.

On August 6, 2002, the IRS notified McKesson that its 1997 amended return had been received and was being "evaluated to determine whether it will be examined or accepted without examination." The letter noted that because the tentative refund amount was in excess of $2 million, the refund had to be reported to the Joint

Committee of Taxation in accordance with section 6405 of the Internal Revenue Code. On April 17, 2003, the IRS notified McKesson that the report required by section 6405 (a) had been forwarded for submission to the Joint Committee On Taxation. On May 15, 2003, the IRS notified McKesson that the Joint Committee "ha[d] taken no exception to the conclusions the [IRS] reached regarding your income tax returns. . . ." And about four months later, McKesson received a refund check from the Department of Treasury in the amount of almost $12 million, which represented the claimed refund plus interest.

Meanwhile, however, on May 6, 2003, the State of Georgia denied McKesson's original application for a state tax refund. At the time, state tax refund claims had to be brought "within three years after the date of the payment of the tax or fee to the commissioner." See former OCGA § 48-2-35 (b) (1) (1999).[1] Because McKesson had paid its taxes on or before April 15, 1998, the claim for refund was untimely. McKesson does not question this ruling.

In a further attempt to obtain a state refund, McKesson filed a second amended state return and claim for refund on November 14, 2003, approximately two months after it received the federal refund check. The attached explanation of changes shows that McKesson had submitted the identical amendment already rejected as untimely. The State denied this refund claim as well. But McKesson argued, and the trial court agreed, that it was allowed 180 days after a "final determination" of a federal change in net income to file an amended state return pursuant to OCGA § 48-7-82 (e). The State appeals that ruling and contends that McKesson already missed the three-year period for filing an amended state return and that the 180-day period defined in OCGA § 48-7-82 (e) is not available to McKesson under the circumstances.

## Case No. A06A0333

It is undisputed that McKesson missed the three-year statute of limitation in which to file an amended state return. McKesson relies on OCGA § 48-7-82 (e), which requires a taxpayer to file an amended

---

[1] The statute has since been revised to provide that the three-year period does not begin until the tax return has been filed including any extensions:

> In the case of income taxes, the later of the date of the payment of the tax or fee to the commissioner or the due date for filing the applicable income tax return, including any extensions which have been granted.

See Ga. L. 2003, p. 355, § 1. See also OCGA § 48-2-35 (c) (1) (A) (ii).

state return if the commissioner of internal revenue or other competent authority changes or corrects the taxpayer's federal net income "as returned" to the treasury department:

> When a taxpayer's amount of net income for any year under this chapter as returned to the United States Department of the Treasury is changed or corrected by the commissioner of internal revenue or other officer of the United States of competent authority, the taxpayer, within 180 days after final determination of the changed or corrected net income, shall make a return to the commissioner of the changed or corrected income, and the commissioner shall make assessment or the taxpayer shall claim a refund based on the change or correction within one year from the date the return required by this paragraph is filed.

The State contends that this requirement was not meant to give a taxpayer who has missed the three-year limitation period for filing amended state returns a second opportunity to file an amendment. Rather, the statute provides a 180-day window in which a taxpayer is required to file an amended return if the IRS has concluded that the net income as returned by the taxpayer needs to be changed as a result of the IRS examination and review process. We agree with the State.

In construing a statute, the goal is to determine its legislative intent and meaning. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). "Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. [Cit.]" *Six Flags Over Georgia II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003). And appellate courts must "construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statutes meaningless. *Motors Acceptance Corp. v. Rozier*, 278 Ga. 52, 53 (1) (597 SE2d 367) (2004)." (Citations and punctuation omitted.) *R. D. Brown Contractors, Inc. v. Bd. of Ed. of Columbia County*, 280 Ga. 210, 212 (626 SE2d 471) (2006).

This case is resolved by applying the plain and unambiguous meaning of the phrase "as returned to the United States Department of the Treasury." Under our federal system of taxation, a return is the formal statement filed by the taxpayer, 26 USC § 6501, that shows "the facts upon which tax liability may be determined and assessed." 26 CFR § 601.103 (a). See also *In re Jackson*, 184 F3d 1046, 1051 (9th Cir. 1999). The taxing authority must assess the tax within three years after the return is filed, 26 USC § 6501, but in most cases, the taxpayer assesses his own tax liability by "comput[ing] the tax due on

the return and mak[ing] payment thereof on or before the due date for filing the return." 26 CFR § 601.103 (a). See also 26 USC § 6201.

Under our system of self-assessment, it is only after the returns are filed and processed in internal revenue service centers that some returns are selected for examination and adjustment. 26 CFR § 601.103 (b). These adjustments are made by the taxing authority, and the taxpayer may agree, or disagree and pursue an appeal. 26 CFR §§ 601.103 (c) (3); 601.105. After paying the tax, a taxpayer may file a claim for a refund or credit by filing an amended return. 26 CFR § 601.105 (e) (1). But substantially the same procedure for examination as described above is followed for amended returns. 26 CFR § 601.105 (e) (2).

Thus, in both the case of a return and an amended return, it is the taxpayer who initially calculates his net income, and in most cases taxes are self-assessed based on that amount. It is only when the taxing authority disagrees that it makes adjustments. Reading OCGA § 48-7-82 (e) with this understanding makes the meaning of that statute clear. A taxpayer is required to file an amended state return if the federal taxing authority changes or corrects the net income as submitted by the taxpayer on either a return or an amended return; and he or she has 180 days to do so. If the net income stated on the return or amended return is not adjusted by the federal taxing authority, and instead is simply accepted as a basis for the tax assessment, then there has been no change or correction by the taxing authority. Under that circumstance, the taxpayer is not required to file an amended state return and the 180-day window is inapplicable.

We find some support in the decision of the New Jersey Tax Court in *H. B. Acquisitions v. Director, Div. of Taxation*, 12 N.J. Tax 60 (1991). Although the New Jersey statute is not identical to OCGA § 48-7-82 (e), the New Jersey court was required to construe similar wording:

> If the amount of the taxable income for any year of any taxpayer as returned to the United States Treasury Department is changed or corrected by the Commissioner of Internal Revenue. . . .

N.J.S.A. 54:10A-13. The court held, "The triggering event in the first sentence . . . is a change or correction *by the IRS* of taxpayer's taxable income." (Emphasis in original.) *H. B. Acquisitions*, 12 N.J. Tax at 67. The court went on to hold that an amended return did not qualify. Id.

McKesson relies on *Blackmon v. Monroe*, 233 Ga. 656 (212 SE2d 827) (1975), but that case does not purport to address whether OCGA § 48-7-82 (e) is triggered by an amended return. McKesson also relies on *Smolak v. Commissioner of Revenue*, 1995 WL 163591 (Mass. App.

Tax. Bd.) (1995), but the language of the Massachusetts statute is significantly different and therefore we do not find the case persuasive.

Because we hold that McKesson was not authorized by OCGA § 48-7-82 (e) to submit an amended state return, the decision below must be reversed. The remaining enumerations are moot, as is McKesson's appeal in Case No. A06A0334.

*Judgment reversed in Case No. A06A0333. Appeal dismissed in Case No. A06A0334. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 12, 2006 —

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michele M. Young, Assistant Attorney General,* for appellant.

*Smith, Gambrell & Russell, William Van Hearnburg, Jr., William B. Wood,* for appellee.