## A06A2441. THE STATE v. WEST.
### (641 SE2d 289)

RUFFIN, Judge.

Mack West, the mayor of East Ellijay, was indicted for multiple offenses. West moved to quash the indictment based upon the State's failure to comply with OCGA § 45-11-4. The trial court granted the motion, and this appeal ensued. As we find the trial court misconstrued OCGA § 45-11-4, we reverse.

In April 2006, the grand jury indicted West for one count each of: making a false statement in violation of OCGA § 16-10-20; false writing in violation of OCGA § 16-10-8; false writing in violation of OCGA § 16-10-20; falsifying a public record by a public official in violation of OCGA § 45-11-1; and entering into the duties of public office without taking the oath of office in violation of OCGA § 45-3-9. West sought to quash the indictment based upon the State's failure to either provide him a copy of the indictment 15 days before it was presented to the grand jury or to grant him the right to appear before the grand jury as required by OCGA § 45-11-4 (f) and (g). The trial court then quashed the indictment because the State failed to comply with these statutory provisions.

This case turns on the proper interpretation of OCGA § 45-11-4. In interpreting the statute, our goal is to determine the intent of the legislature.[1] However,

> [w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. And appellate courts must construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statute meaningless.[2]

OCGA § 45-11-4 provides, in relevant part, that certain public officials, including mayors,

> may be charged under this Code section for: (1) Malpractice, misfeasance, or malfeasance in office; (2) Using oppression or tyrannical partiality in the administration or under the color of his or her office; (3) When required by law, willfully refusing or failing to preside in or hold his or her court at the regular terms thereof, or when it is his or her duty under the law to do so; (4) Using any other deliberate means to delay or avoid the due course or proceeding of law; or (5) Willfully and knowingly demanding more cost than he or she is entitled to by law in the administration and under color of his or her office.[3]

For officials so charged, the statute grants them the right to obtain a copy of the proposed bill of indictment "at least 15 days before it is presented to the grand jury[,]" and "the right to appear before the grand jury to make such sworn statement as he or she shall desire at the conclusion of the presentation of the state's evidence."[4] OCGA § 45-11-4 (d) provides that

> [t]his Code section shall apply only to a public officer charged under subsection (b) of this Code Section. This Code section shall not apply when a public officer is charged with any other crime alleged to have occurred while such official was in the performance of an official duty.

---

[1] See *Graham v. McKesson Information Solutions*, 279 Ga. App. 364, 366 (631 SE2d 424) (2006).

[2] (Citation and punctuation omitted.) Id.

[3] OCGA § 45-11-4 (b).

[4] OCGA § 45-11-4 (f), (g).

Here, it is undisputed that West was not charged under OCGA § 45-11-4 (b). Nonetheless, he argues that he is entitled to the protections of this Code section because, given the facts alleged in the indictment, he *could* have been charged under OCGA § 45-11-4 (b). We disagree. Under the plain language of the Code section as written, it applies *only* "to a public officer *charged* under subsection (b) of this Code section."[5] Had the legislature intended for the result urged by West, it could easily have drafted the statute to apply to conduct that *could* be charged under OCGA § 45-11-4 (b). It did not do so.

Moreover, under the interpretation urged by West, any crime committed by a public official would trigger the protections of OCGA § 45-11-4 (f) and (g) as it can be said that any such criminal act constitutes misfeasance or malfeasance.[6] However, such interpretation would render meaningless the subsection's language specifying that "[t]his Code section *shall not apply* when a public officer is charged with any other crime alleged to have occurred while such official was in the performance of an official duty."[7] It follows that the trial court erred in quashing the indictment based upon an interpretation of OCGA § 45-11-4 that both ignores the statute's plain language and renders a portion of the statute meaningless.

In reaching this result, we note the anomaly. On the one hand, the protections contained within OCGA § 45-11-4 are supposed to benefit public officials by ensuring that grand juries, guided by prosecutors, do not prosecute such public officers on unfounded indictments based upon political or other irrelevant considerations. However, when we interpret OCGA § 45-11-4 (d) literally — as we must — public officials are not afforded such protection if prosecutors decline to charge them under OCGA § 45-11-4 (b). The end result is that public officials now have marginal protection against unwarranted or unnecessary prosecution as they are entitled to the safeguards contained in OCGA § 45-11-4 only when the nature of an alleged wrongful act does *not* rise to the level of a defined crime, yet still falls within the catch-all "malpractice, misfeasance, or malfeasance in office" under section (b) of the statute.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

---

[5] (Emphasis supplied.) OCGA § 45-11-4 (d).

[6] Indeed, West's attorney argued this very point before the trial court.

[7] (Emphasis supplied.) OCGA § 45-11-4 (d). We note that the analysis differs for peace officers as, under OCGA § 17-7-52 (a), such officers are afforded the rights provided in OCGA § 45-11-4 when charged "with a crime which is alleged to have occurred while he or she was in the performance of his or her duties." See also *Wiggins v. State*, 280 Ga. 268 (626 SE2d 118) (2006).

DECIDED JANUARY 25, 2007.

*Joe W. Hendricks, Jr., District Attorney, Charles C. Olson*, for appellant.
*George W. Weaver, Barbara A. Sosebee*, for appellee.