**THIRD DIVISION**
**ANDREWS,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 17, 2012**

# In the Court of Appeals of Georgia

A12A1584. HUBERT PROPERTIES, LLP v. COBB COUNTY.
A12A1922. HUBERT PROPERTIES, LLP v. BISHOP.

ANDREWS, Judge.

Hubert Properties (Hubert) appeals from the trial court's grant of summary judgment to Cobb County and E. Neil Bishop on Hubert's complaint for declaratory judgment. Hubert claimed that, as the original owner of property condemned by Cobb County, it should have been allowed to re-purchase the unused portion of the condemned tract. After the property in question was sold to Bishop, a neighboring landowner, Hubert sought to have the conveyance to Bishop set aside and a declaratory judgment entered allowing Hubert to re-purchase the remnant. The trial court held that the sales of the remnants to Bishop and another adjoining landowner were legal. We agree and affirm.

The record shows that Cobb County condemned land belonging to Hubert for purposes of a public road. Several years later, the County offered Hubert the option to buy back a 0.202-acre remnant parcel of the original tract of land. Hubert agreed to buy back the remnant, but the sale was never finalized.

At some point, the County Board of Commissioners approved an amendment to the Official Code of Cobb County which permitted the County to sell land that was incapable of being used independently to the adjoining property owners. As a result, a .103-acre portion of the remnant tract was sold to Bishop for $17,000, and another portion was sold to Richard Myers, who was also an adjoining property owner. This tract included the remaining .099-acre portion of the original .202-acre tract first offered to Hubert, plus an additional .139-acre tract. Myers paid the county $50,000 for this portion. Myers later sold this .238-acre tract to Bishop.

When Hubert learned that the property had been sold to the adjoining landowners, it filed suit against both the County and Bishop, seeking a declaratory judgment that the original .202-acre tract should be reconveyed to Hubert Properties, or, alternatively, damages should be awarded based on the fair market value of the tract and Hubert's entitlement to the benefit of its bargain.

Both the County and Bishop filed summary judgment motions. Cobb County argued that the conveyances to Bishop and Myers were lawful and Hubert never had an enforceable contract with the County to buy back the property.

The trial court granted the motions, holding that Hubert did not have a binding contract with the County to re-purchase the land because the County never executed the contract. The trial court determined that OCGA § 36-9-3 (h) applied to the sale of the land to Bishop and Myers and therefore the Cobb County Department of Transportation properly recommended that the Board of Commissioners approve the sale of the remnant to Bishop and Myers because the property was incapable of being used independently as zoned. This appeal followed.

1. Hubert Properties contends that the trial court erred by holding that the County properly disposed of the remnant tract of land under OCGA § 36-9-3 (h) instead of under OCGA § 32-7-3 and OCGA § 32-7-4.

OCGA § 36-9-3 (h) provides:

Notwithstanding any provision of this Code section or of any other law, ordinance, or resolution to the contrary, a county governing authority is authorized to sell and convey parcels of small or narrow strips of land, so shaped or so small as to be incapable of being used independently as zoned or under applicable subdivision or other development ordinances or land use plans, or as streets, whether owned in fee or used by

3

easement, to abutting property owners where such sales and conveyances facilitate the enjoyment of the highest and best use of the abutting owner's property without first submitting the sale or conveyance to the process of an auction or the solicitation of sealed bids; provided, however, that each abutting property owner shall be notified of the availability of the property and shall have the opportunity to purchase said property under such terms and conditions as set out by ordinance.

OCGA § 32-7-3 provides: "Whenever any property has been acquired in any manner by the department, a county, or a municipality for public road purposes and thereafter the department, county, or municipality determines that all or any part of the property or any interest therein is no longer needed for such purposes because of changed conditions, the department or the county or municipality is authorized to dispose of such property or such interest therein in accordance with Code Section 32-7-4."

OCGA § 32-7-4 states:

In disposing of property, as authorized under Code Section 32-7-3, the department, a county, or a municipality shall notify the owner of such property at the time of its acquisition or, if the tract from which the department, a county, or a municipality acquired its property has been subsequently sold, shall notify the owner of abutting land holding title through the owner from whom the department, a county, or a municipality acquired its property. The notice shall be in writing

4

delivered to the appropriate owner or by publication if his or her address is unknown; and he or she shall have the right to acquire, as provided in this subsection, the property with respect to which the notice is given.

OCGA § 32-7-4 (a) (1).

There is no conflict between OCGA §§ 32-7-3, 32-7-4 and OCGA § 36-9-3 (h). Code Section 32-7-3 authorizes the County to dispose of property in accordance with Section 32-7-4 but does not require that it be disposed of in that manner. Further, OCGA § 36-9-3 (h) states that it applies, "[n]otwithstanding any provision of this Code section or of any other law, ordinance, or resolution to the contrary." Also, OCGA § 36-9-3 is the more specific of the statutes, providing for the disposal of property that is "incapable of being used independently." It is well-settled that "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent, to resolve any inconsistency between them." *Cobb County v. City of Smyrna,* 270 Ga. App. 471, 475 (1) (606 SE2d 667) (2004).

The Official Code of the County, Section 2-3 tracks the language of OCGA § 36-9-3 (h) and Section 2-4 sets forth the required procedure for the sale of the property to abutting property owners. Cobb County showed that the procedures were followed and Hubert does not contend otherwise.

5

The trial court also correctly held that Hubert's agreement to buy back the tract of land was not binding on Cobb County because it was never executed, and the agreement for purchase and sale was never presented to the Board of Commissioners for approval and recording. See *West v. Fulton County*, 267 Ga. 456, 457 (479 SE2d 722) (1997) ("where there is no resolution on the minutes by a county board of commissioners authorizing the conveyance of county-owned property or a subsequent ratification of the deed, in the absence of such county action, the purported conveyance did not pass title to the land therein described").

2. Hubert also contends that the trial court erred in failing to determine that Cobb County's acts in passing Sections 2-3 and 2-4, in reconfiguring the parcels of land, and in selling the property to Bishop were a misuse of its legislative power and a conflict of interest because these acts unjustly favored a citizen related by marriage to the County Attorney.

The trial court did not rule on these allegations in its written orders. But the court stated, when granting summary judgment after the hearing, that the issue of "appearances" was not before the court, nor was the court being asked "to do equity in this case."

Likewise, on appeal, there is nothing before us in the record, by way of deposition testimony, affidavits, or any other evidence to support Hubert's allegations of impropriety or illegality. As discussed in Division 1, the County's actions were authorized by statute, were done in accordance with the County Code, and therefore were not, as Hubert alleges, illegal or *ultra vires*. Accordingly, there is no merit to this enumeration.

*Judgment affirmed. Ray and Branch, JJ., concur*.