**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 1, 2019**

# In the Court of Appeals of Georgia

A19A0516. DEKALB COUNTY BOARD OF TAX ASSESSORS
v. ASTOR ATL, LLC.

MARKLE, Judge.

The DeKalb County Board of Tax Assessors ("the Board") appeals from the trial court's grant of summary judgment in favor of Astor Atl, LLC ("Astor") in this dispute over the fair market value of properties Astor purchased in foreclosure sales. For the reasons that follow, we affirm.

We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-movant. *Fair v. C V Underground, LLC*, 340 Ga. App. 790 (798 SE2d 358) (2017).

The relevant facts are undisputed. In 2015, Astor purchased three DeKalb County properties in separate foreclosure sales. Astor paid $92,000 for the first

property, located on Hill Creek Cove; $86,000 for the second property, located on Royal Springs Court; and $103,566 for the third property, located on Smithfield Trail.

In 2016, the Board assessed the property taxes for each property in excess of Astor's purchase price. Specifically, the Hill Creek Cove property was assessed at a fair market value of $112,800; the Royal Springs Court property was assessed at a fair market value of $109,900; and the Smithfield Trail property was assessed at a fair market value of $128,400. Astor appealed the tax assessments to the DeKalb County Board of Equalization, which upheld each assessment. Astor then appealed to the superior court.

Before the trial court, Astor moved for summary judgment, arguing that it had purchased the properties during an arm's length bona fide sale, and therefore the maximum allowable fair market value for 2016 tax assessment purposes was limited to the 2015 purchase price under OCGA § 48-5-2 (3). The Board opposed the motion, arguing that a foreclosure sale did not qualify under the statute as an arm's length, bona fide sale as defined in OCGA § 48-5-2 (.1), and that it had appraised the property in conformity with its rules using the sales comparison approach.

The trial court granted Astor's summary judgment motion, finding that the foreclosure sales were arm's length bona fide sales. As such, the fair market values for the 2016 tax year were limited to the purchase prices Astor had paid.

The Board now appeals, arguing that the purchases did not meet the requirements for an arm's length, bona fide sale under OCGA § 48-5-2 (.1) because the sellers were not willing participants and were not acting in their own self interests. As a result, Astor was not entitled to "freeze" the maximum allowable fair market values at their purchase prices under OCGA § 48-5-2 (3). We are not persuaded.

By statute, each county is authorized to assess and levy taxes annually against property based on the fair market value of that property. OCGA §§ 48-5-6 and 48-5-220.

> The intent and purpose of the tax laws of this state are to have all property and subjects of taxation returned at the value which would be realized from the cash sale, *but not the forced sale*, of the property and subjects as such property and subjects are usually sold *except as otherwise provided in this chapter*.

(Emphasis supplied.) OCGA § 48-5-1.

OCGA § 48-5-2 (3) provides a limitation on the maximum allowable fair market value. Under that provision, "*[n]otwithstanding any other provision of this*

3

*chapter to the contrary*, the transaction amount of the most recent arm's length, bona fide sale in any year shall be the maximum allowable fair market value for the next taxable year." (emphasis supplied). "Arm's length, bona fide sale" is defined as

> a transaction which has occurred in good faith without fraud or deceit carried out by unrelated or unaffiliated parties, as by a willing buyer and a willing seller, each acting in his or her own self-interest, *including but not limited to a distress sale, short sale, bank sale, or sale at public auction*.

(Emphasis supplied.) OCGA § 48-5-2 (.1).

The sole issue in this appeal is whether a bank foreclosure sale pursuant to a deed under power qualifies as an arm's length, bona fide sale. To resolve this issue, we turn to the basic rules of statutory construction.

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. Thus if the language of the statute is plain and unambiguous, we simply apply the statute as written." (Citations and punctuation omitted.) *CPF Investments, LLLP v. Fulton Bd. of Assessors*, 330 Ga. App. 744, 746 (769 SE2d 159) (2015). Additionally, we "must construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statutes meaningless." (Citations and

4

punctuation omitted.) *Graham v. McKesson Information Solutions, LLC*, 279 Ga. App. 364, 366 (631 SE2d 424) (2006). See also *Goldberg v. State*, 282 Ga. 542, 546-547 (651 SE2d 667) (2007) ("[I]t is a basic rule of construction that a statute or constitutional provision should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning." (citation and punctuation omitted)).

Here, we must reconcile three statutory provisions – OCGA §§ 48-5-1, which excludes forced sales from setting the valuation of a property; 48-5-2 (3), which freezes the fair market value at the price paid during the most recent arm's length, bona fide sale; and OCGA § 48-5-2 (.1), which defines the term "arm's length, bona fide sale." When we consider the statutory language under our rules of statutory construction, we conclude that a foreclosure sale can serve as an arm's length, bona fide sale.

We first note that the definition of "arm's length, bona fide sale" contains the phrase "including but not limited to." OCGA § 48-5-2 (.1). This language is not restrictive or exclusive, but instead "reflects broad language of illustration or enlargement." *Hendry v. Hendry*, 292 Ga. 1, 2 (1), n. 2 (734 SE2d 46) (2012). Thus,

5

the types of sales identified in the definition are not the only types of sales that would qualify as an arm's length, bona fide sale.

Additionally, as we have repeatedly explained, "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent, to resolve any inconsistency between them." See *Hubert Properties, LLP v. Cobb County*, 318 Ga. App. 321, 323 (1) (733 SE2d 373) (2012). Here, the one-year assessment freeze set forth in OCGA § 48-5-2 (3) applies "*notwithstanding any other provision of this chapter to the contrary*." By using this phrase, this provision takes precedence over the general intent and purpose provision in OCGA § 48-5-1, which excludes forced sales from setting the tax valuation of the property. See *Hubert Properties, LLP*, 318 Ga. App. at 323 (1) (discussing "notwithstanding any other provision" language); see also Garner, A Dictionary of Modern Legal Usage p. 601 (2d ed. 1995). In other words, the language in OCGA § 48-5-1 that exempts forced sales from determining the tax value of a property is limited by the "notwithstanding any other provision" language in OCGA § 48-5-2 (3) as well as by its own terms "except as otherwise provided in this chapter." See OCGA § 48-5-1; *Hubert Properties, LLP*, 318 Ga. App. at 323 (1).

We reached this same conclusion in *Park Solutions, LLC v. DeKalb County Bd. of Tax Assessors*, 336 Ga. App. 832, 836 (1) (783 SE2d 453) (2016) (physical precedent only). There, after considering these same statutes together, we held that a judicial foreclosure sale qualifies as an arm's length, bona fide sale because the language excluding "forced sale" in OCGA § 48-5-1 did not require us to read foreclosure sales out of the definition of an arm's length, bona fide sale. Id. at 835-836 (1).

In contrast, in *Ballard v. Newton County Bd. of Tax Assessors*, 332 Ga. App. 521 (773 SE2d 780) (2015), a case involving a tax sale, we explained that a "forced sale," such as a foreclosure sale, would not qualify as an arm's length, bona fide transaction because the owner retained a right of redemption, and the purchaser did not obtain a fee simple title to the property until the redemption period ran. Id. at 524-525. We further noted that a tax sale was distinguishable from a bank sale, and we concluded that the legislature intended that a tax sale be treated like a forced sale that fell outside the definition of an arm's length, bona fide transaction. Id. at 523-525. Moreover, we noted that "[f]oreclosure sales . . . are forced sales conducted under conditions that differ from the ordinary market for the property in question, and notoriously fail to bring the true market price of the property." (Citations and

7

punctuation omitted.) Id. at 523. Importantly, however, because the sale at issue in *Ballard* was a tax sale, the discussion of foreclosure sales is simply dicta, and we are not bound to follow it. *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008 ("we are not bound to follow . . . dicta in a prior case where the point now at issue was not fully debated.") (citation and punctuation omitted).

In this case, we are faced with a foreclosure sale akin to that in *Park Solutions*, not a tax sale as in *Ballard*, and we are persuaded by the reasoning in *Park Solutions*. Reading the relevant statutory provisions together, and using our rules of statutory construction, we conclude that foreclosure sales can be arm's length, bona fide sales. See *Park Solutions*, 336 Ga. App. at 833-835 (1). The fact that the sale may not bring in the true market value of the property does not require us to find otherwise; the fact that the sale results in a financial loss is not relevant to our determination. See *CPF Investments*, 330 Ga. App. at 749.

Having concluded that a foreclosure sale is an arm's length, bona fide sale, we agree with the trial court that the Board was precluded from taxing these properties at fair market values higher than the amounts paid at the public auctions. OCGA § 48-5-2 (3). The trial court's order granting summary judgment to Astor is affirmed.

*Judgment affirmed. Doyle, P. J., and Coomer, J., concur*.

8